ᐧ MELVIN HUGHES *v.* STATE OF MISSISSIPPI.

1. CONSTITUTIONAL LAW.   *Police Justice.*   *Code* 1892, § 3001.

   Code 1892, § 3001, authorizing the municipal authorities of cities
   having four thousand or more inhabitants to elect a police justice
   is constitutional.

2. SAME.   *Constitution of* 1890, *secs.* 171, 172.   *Courts.   Jurisdiction.*

   Inferior courts established under the constitution of 1890, sec. 172,
   are, in respect to jurisdiction, independent of the courts provided
   for by sec. 171 of the same instrument, and the number of such
   inferior courts and their jurisdictions are within legislative dis-
   cretion.

3. OFFICES.

   Offices are created for the public welfare and not for the benefit of
   officers, and justices of the peace cannot complain that a police
   justice is given like jurisdiction with themselves.

FROM the circuit court of, second district, Yalobusha county.
HON. Z. M. STEPHENS, Judge.

Hughes, appellant, was defendant in the court below; he was
prosecuted and convicted of a misdemeanor and appealed to the
supreme court.   The facts are stated in the opinion of the
court.

*Denon D. McRee,* for appellant.

Justices of the peace are elected constitutional officers of the
state, secs. 27 and 171, constitution of 1890.   Police justices,
being elected by municipal councils are inferior courts to, and
receive less constitutional sanction than, justices of the peace,
and unless the duly elected justices of the peace having juris-
diction of the crime are shown to be disqualified or unavailable
to try the cause, municipal courts are without jurisdiction.
Code 1892, § 2420 and 3001.   *Burnett* v. *State,* 72 Miss., 994.

The record shows that the magistrate before whom the affidavit was originally filed, was, at the time the police justice of the city of Water Valley, and that at the time of the commission of the alleged crime there were two justices of the peace in the district in which the crime is said to have been committed ; therefore, the police justice of the city of Water Valley was without jurisdiction, defendant not being prosecuted for transgression of city ordinances. Code 1892, § 1328.

*Monroe McClurg,* attorney-general, for appellee.

Section 172 of the constitution empowers the legislature, from time to time, to establish such inferior courts as may be necessary. To this class belongs the police justice, created by code of 1892, § 3001, and from whose judgment appeal is provided by code 1892, § 86.

It is not a question of superior '' constitutional sanction '' as compared with the powers of a justice of the peace, but simply a question of the lawful authority of the police justice to act in the particular case irrespectively of the qualification or availableness of the constitutional officer. No such conditions, either express or implied, as those suggested by counsel are found in the statute, nor will the courts engraft an exception or enact an amendment by judicial construction. Whether the police justice has been elected in the municipality, or whether the mayor . thereof is acting as police justice '' in either case the police justice shall be *ex officio* justice of the peace in and for the corporate limits, and shall have jurisdiction in addition to that possessed by other justices of the peace, to hear and determine all violations of the ordinances.'' Code 1892, § 3001.

This police justice court is one of the several '' organized under the constitution and laws of this state, and possesses jurisdiction for trying and punishing all persons, in the manner prescribed by law, for crimes and offenses committed in this state.'' Code 1892, § 1328.

TERRAL, J., delivered the opinion of the court.

The appellant, Hughes, was prosecuted before Duke, a police justice of the city of Water Valley, for the crime of selling vinous and spirituous liquors in said city, Yalobusha county, Miss., without license, and against the peace and dignity of the State of Mississippi, and was convicted thereof; from which conviction he appealed to the circuit court of said county, and, being there convicted of said crime, he appeals here. His sole contention is that his trial before Duke was *coram non judice*, and that the whole proceeding is a nullity. It is admitted that Duke was duly selected and qualified as police justice of Water Valley, a city of more than four thousand inhabitants, and that there were at the time of the trial of appellant by Duke two justices of the peace duly elected and qualified for that district of the county in which Water Valley is situated. The contention here made cannot be sustained. Section 3001, Ann. Code, 1892, expressly authorizes cities having four thousand or more inhabitants to select a police justice, who shall have the power of a justice of the peace within the corporate limits, and also authority to try all infractions of city ordinances. It is not questioned that Duke was duly selected and qualified as police justice of Water Valley in conformity with the statute creating such office, and we cannot doubt the power of the legislature to create the office, and to clothe it with the jurisdiction prescribed by section 3001. How the election of two justices of the peace, in the district including Water Valley, and their readiness to act in the execution of their offices at the time of the trial of Hughes by Duke, affects the authority of Duke, we cannot see. The justices themselves, and no one for them, have any more right to complain of the authority conferred upon a police justice than a police justice has to complain of the authority conferred upon justices of the peace. The offices are not made for the incumbents, but for the public welfare, and each office stands upon a constitutional basis. The inferior courts established under section 172 of the constitution are, in

their jurisdiction, independent of the courts erected under section 171, and the number of these courts and their respective jurisdictions are within legislative authority, and their creation can be complained of only to the legislature itself. If too many of such courts are established, the correction is with it. We are of opinion that the office of police justice of Water Valley is constitutionally established, and that the acts of the incumbent of the office are valid.

*Affirmed.*