BUCK *v.* STATE.*

(Division A.  Feb. 11, 1929.)

[121 So. 147.  No. 27417.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1572, p. 767, n. 87; Intoxicating Liquors, 33CJ, section 371, p. 676, n. 3; section 553, p. 796, n. 37.

*E. W. Patrick,* for appellant.

*James W. Cassedy, Jr.,* Assistant Attorney-General, for the state.

Argued orally by *E. W. Patrick,* for appellant, and *James W. Cassedy, Jr.,* for the state.

SMITH, C. J. The appellant was convicted in the court below for having intoxicating liquor in his possession, and was fined two hundred dollars and given sixty days in jail.

The case originated in the court of the mayor of the town of Lexington sitting as an *ex officio* justice of the peace.

The evidence does not disclose in which supervisor's district of Holmes county, in which the town of Lexington is situated, the crime was committed, and the argument seems to be that therefore the venue was not proven. Whether the town of Lexington is operating under a special charter, or under the chapter on "Municipalities," does not appear, but counsel for the appellant make no contention that the mayor thereof is not invested with the powers of a justice of the peace within the limits of the municipality. This being true, the venue is established by proof of the commission of the crime within the municipality. *Gober* v. *Phillips* (Miss.), 117 So. 600.

The evidence on which the conviction rests was objected to in the court below on the ground that it was secured by means of an invalid search warrant.

The mayor of the town was informed by one Hicks that the appellant then had intoxicating liquor in his possession. The mayor thereupon prepared the necessary affidavit and search warrant, went with Hicks to Ramsey, to whom he communicated the information given him by Hicks, which Hicks then in the presence of Ramsey affirmed to be true, and Ramsey, acting on the information received from Hicks, made the affidavit which is in the statutory form. This is sufficient; the fact that the affidavit was made by Ramsey at the mayor's suggestion being immaterial. All that section 1, chapter 244, Laws of 1924 (section 2238, Hemingway's 1927 Code), requires is that the affidavit be made in statutory language by a "credible person." *Joe Mai* v. *State* (Miss.), 119 So. 177.

The sentence is excessive, in that the imprisonment is for a greater length of time than permitted by section 17 of chapter 189, Laws of 1918 (Hemingway's 1927 Code, section 2297). The judgment of the court below will be affirmed on the merits, but will be reversed in so far as it imposes punishment thereon, and will be remanded to the court below for a new sentence.

*Affirmed in part, and reversed in part.*