## INDEPENDENT PAVING CO. v. CITY OF BAY ST. LOUIS, MISS.

### No. 7568.

Circuit Court of Appeals, Fifth Circuit.
Jan. 19, 1935.

Rehearing Denied Feb. 15, 1935.

W. E. Morse, of Jackson, Miss., and S. E. Morse and W. H. White, both of Gulfport, Miss., for appellant.

W. J. Gex, Sr., and Lucien M. Gex, both of Bay St. Louis, Miss., for appellee.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

This was an action by the appellant against the appellee, the city of Bay St. Louis, a Mississippi municipal corporation, for the recovery of the amount of a balance, $7,005, and interest thereon, alleged to be due under a contract between the appellee and Dixie Asphalt Paving Company, whereby the latter agreed to pave named streets in said city, the right to which balance was alleged to have been assigned to the appellant by Dixie Asphalt Paving Company. The appellee by pleading alleged that it was, at the date of the alleged making of said alleged contract, and now is, a municipal corporation operating under the commission form of government under and by virtue of a referred to Mississippi statute, and set up as a defense to the action that the contract sued on is illegal, void, ultra vires, and nonenforceable, for the reasons: (1) That said purported contract is for an amount in excess of the sum of $500, and was not made or authorized by an ordinance of said municipality passed and adopted at the time and in the manner required by a Mississippi statute (Mississippi Code 1930, § 2641), which provides, with exceptions not material to be stated, that every contract of a municipality in excess of $500 shall be made or authorized by ordinance, which "shall be introduced in the form in which it is finally adopted by the council, and read by the clerk at a regular meeting of the council, and shall thereafter remain on file with the city clerk for public inspection for at least two weeks before the final passage or adoption thereof." (2) That said purported contract was attempted to be made and executed in violation of a Mississippi statute (Mississippi Code 1930, § 5979) which provides, with an exception not material to be stated, that "no * * * indebtedness [shall be] incurred by any county or municipality unless there is sufficient money in the particular fund from which the allowance is or

must be made, to pay such * * * indebtedness." By reply, the appellant put in issue the allegations of the pleading setting up such defense, and set up that the streets were paved in accordance with the contract sued on, that appellee has accepted the benefit of said paving, and is now estopped from asserting any alleged irregularity in the proceedings of appellee's governing body leading up to the paving of said streets.

In the trial the appellant introduced in evidence a copy of each of the following, which were referred to as exhibits; the board of mayor and commissioners of appellee being referred to as the commission: A resolution adopted by the commission on May 4, 1931, directing publication of notice to bidders that contract will be let for the surfacing of named streets or so much thereof as the commission may deem necessary, including certain concrete curb and gutter, according to plans and specifications as prepared by the city engineer and approved by the commission, bids to be opened at the city hall at 10 o'clock a. m. June 1, 1931; order of the commission, made on May 18, 1931, at its second regular meeting in May, 1931, stating, "The minutes of the previous meetings were read and approved"; minutes of meeting of the commission on June 2, 1931, reciting advertisement for and submission of bids, for construction of curb and gutter and hard-surfacing of the named streets, that the Dixie Asphalt Paving Company was the lowest bidder, the awarding to that company of the contract, which fixed the price of the work, direction to the mayor to sign the contract, and requiring the contractor to furnish a bond; order of the commission that a named firm be employed to inspect the paving contracted for, and authorizing the mayor to enter into and execute such contract; minutes of meeting of the commission showing approval by city engineer of first estimate for said paving work in the sum of $5,550.80, and order that that amount be paid, also showing ratification and approval of a stated change in the contract; ordinance of the commission reciting approval by the city engineer of final estimate for work done under said contract and ordering payment of the balance shown by that contract, $15,781.61, on condition that the bond company consent in writing to such payment; minutes of a meeting of the commission reciting assignment by Dixie Asphalt Paving Company to appellant of $8,005.70 of the amount due by the city to the assignor, and the recognition and

acknowledgment of that assignment by the commission; the contract for said work, signed by the contractor and by the city of Bay St. Louis, by its mayor; the above referred to assignment by Dixie Asphalt Paving Company to appellant; and written statement by the bond company, surety for the contractor, authorizing the city to pay the amount of said final estimate.

The introduction in evidence of the exhibits with reference to the alleged contract was objected to by the appellee on the ground that those exhibits show that the contract was not entered into pursuant to any authority granted to the mayor by ordinance, and that no such ordinance was entered and introduced, and allowed to remain with the clerk two weeks, as provided by section 2641 of Mississippi Code 1930. The court sustained that objection. The making of that ruling was accompanied by a statement made by the court, which contained the following: "In my judgment, the Legislature of Mississippi, in section 2641, of Code of 1930, definitely and specifically, and in a mandatory way, sets out how municipalities in Mississippi may contract where the contract is in excess of $500.00 in value. One of these provisions is that it must be by ordinance; that this ordinance must be of record for, I believe, two weeks, and that it must be published, so that the public might have an opportunity to know what its municipal officers are doing. * * * The minutes which have been offered here show fatal failure, in that there is no mention in these minutes of any publication of the ordinance, if we grant, for the sake of argument, that the resolution is a proper ordinance. There is no reference made to any proof of publication; nothing in any of these resolutions to show that any publication was ever made. * * * I know of no case in Mississippi where a municipality acting in any, other than its proprietary capacity, can estop itself at all. * * * The municipality was not acting here in a proprietary capacity. Therefore, I do not think there is any power of estoppel in this case." The appellant introduced testimony to the effect that, at the time said paving was contracted for and done, the city had, in the fund from which the work contracted for was to be paid for, sufficient money to pay therefor pursuant to the contract; that bids for said work according to plans and specifications prepared by appellee's city engineer were advertised for; that a number of bids were submitted; that the bid of Dixie Asphalt Paving Company was the best bid;

and that the work was done in a workman-like and satisfactory manner in accordance with specifications. That testimony was not contradicted. The certificate of the presiding judge to the bill of exceptions contained the statement: "The certificates to all of said exhibits from the City Clerk being by agreement omitted." Upon the conclusion of the evidence introduced by the appellant, the court instructed the jury to find in favor of the defendant, appellee here. There was judgment in pursuance of the verdict so directed.

A Mississippi municipality acting under the commission form of government has all the powers possessed by other municipalities, except as otherwise provided by statute. Mississippi Code 1930, § 2639; Gober v. Phillips, 151 Miss. 255, 117 So. 600. Municipalities are empowered "to exercise full jurisdiction in the matter of streets, sidewalks, sewers, and parks; to open and lay out and construct the same; to repair, maintain, pave, sprinkle, adorn, and light the same." Mississippi Code 1930, § 2414. Any Mississippi municipality, by its council, commission, or other governing body, may cause local improvements to be made, at the cost, in whole or in part, of the owners of property benefited thereby, or the municipality may pay such cost out of its general fund or a special fund provided for that purpose. Mississippi Code 1930, §§ 2558, 2563. "Whenever in any judicial proceeding it shall be necessary to prove the existence of any municipal ordinance, a copy of such ordinance, certified to by the clerk of the municipality, or the ordinance book in which said ordinance is entered, may be introduced in evidence, and shall be prima facie evidence of the existence of such ordinance and that same was adopted and published in the manner provided by law." Id. § 2547. With an exception not material to be stated, every resolution or ordinance passed by the commission shall be in force when certified by the clerk, approved by the mayor or a majority of the members of the commission, published as required by law, and recorded in the ordinance book. Mississippi Code 1930, § 2642.

It is not open to question that under above referred to statutory provisions the appellee was authorized to contract for the doing of such work as the contract sued on provided for. The requirement as to every contract of a municipality in excess of $500 consists in the introduction of the ordinance providing for it in the form in which it is finally adopted, the reading of it by the clerk at a regular meeting of the commission, and its remaining on file with the city clerk for a stated period for public inspection before the final passage or adoption thereof. It seems that the action of a municipality in that regard is not vitiated by reason of it being in the form of a resolution, instead of in the form of an ordinance. Kemp v. Town of Hazlehurst, 80 Miss. 443, 458, 31 So. 908. The evidence showed that the resolution of the appellee providing for the proposed improvement was passed on May 4, 1931, and that, after it had remained on file two weeks, it was adopted by the mayor and commissioners. The evidence also shows that those proceedings were certified to. It is to be inferred that the certificates of the city clerk were not defective in any respect, as it appears that they were omitted from the bill of exceptions by agreement, and the record does not indicate that the sufficiency of them was questioned. Evidence adduced showed that the authority of the appellee to make the public improvement contracted for was acquired substantially in the way prescribed by statute above referred to. The defense on the ground that the prescribed statutory requirement in that regard, referred to in appellee's pleading, was not complied with was not sustained by evidence.

Even if the contract sued on was unenforceable by reason of a noncompliance with some statutory requirement, as the appellee was vested with power to bind itself by that contract, it ratified that contract, or estopped itself to deny the validity thereof, by procuring performance of the work contracted for, by accepting the benefit of such performance, by paying part of the contract price for work contracted for, by ratifying the assignment made by the original contractor to the appellant, and agreeing to pay to appellant the sum covered by that assignment. Where a contract is one which a municipality has power to make, though when the contract was attempted to be made it was unenforceable by reason of some irregularity, there is no sound reason in law or morals for permitting the municipality to escape liability for the completed work contracted for on the ground that the municipality is incapable of ratifying the contract or by its conduct estopping itself to deny liability for the stipulated price of that work. City of Jackson v. Merchants' Bank & Trust Co., 112 Miss. 537, 73 So. 573; First Nat. Bank v. Emmetsburg, 157 Iowa, 555,

138 N. W. 451, L. R. A. 1915A, 982; 3 McQuillin Municipal Corporations (2d Ed.) § 1357; 19 R. C. L. 1075. A result of the appellee having the power to make the contract sued on is that, though that contract was irregularly entered into, the appellee is not without power to be influenced by the dictates of common honesty to pay for completed work done in accordance with the terms of the contract and approved and accepted by it. We conclude that the court erred in sustaining the above-mentioned objection to evidence.

The defense based on an alleged violation of the provision of section 5979 of Mississippi Code 1930 was disposed of by uncontradicted testimony showing that at the time the contract was entered into the appellee had, in the fund from which the work contracted for was to be paid for, sufficient money to pay therefor pursuant to the contract. It follows that the action of the court in directing a verdict in favor of the appellee is not sustainable by reason of the defense on the just mentioned ground having been established by evidence.

The judgment is reversed.