Burton E. CARR and Marie A. Carr, Appellants,

v.

CITY OF ANCHORAGE, a corporation, Appellee.

No. 15236.

United States Court of Appeals Ninth Circuit.

April 22, 1957.

Bell, Sanders & Tallman, Anchorage, Alaska, for appellants.

James M. Fitzgerald, City Atty., L. Eugene Williams, Anchorage, Alaska, for appellee.

Before HEALY, POPE, and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

This action was brought to recover the agreed consideration under an oral contract between plaintiffs and the city of Anchorage, Alaska. Plaintiffs al-

leged that the contract had been fully executed on their part, and that defendant had benefited therefrom.

Defendant moved for a summary judgment. It did so on the ground that there was a failure to comply with certain necessary formalities governing the formation of municipal contracts. The motion was granted, and such a judgment was entered. Plaintiffs appeal.

The only question presented on this appeal is whether defendant was entitled to judgment as a matter of law, under the facts established by the pleadings and affidavits.

■ While the pleadings and affidavits raise certain disputed questions of fact, they must all be resolved in favor of appellants for the purpose of considering the motion for summary judgment and the appeal therefrom. This is true because a motion for summary judgment is improper where there is left unresolved a genuine issue as to any material fact. Rule 56(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

The facts as so established may be briefly stated. In May, 1950, appellants were constructing a building on their property in Anchorage, and had completed the foundations. Part of these foundations were located on land which the city desired to acquire from appellants for street-widening purposes. The matter of minimizing the expense to the city of acquiring this land by relocating the building then under construction was discussed at a regular council meeting held that month. The mayor and city clerk, as well as appellants' attorney, were also present at that meeting.

At this meeting, and after a full discussion, the city council and appellants entered into an oral agreement. Appellants agreed to cut off the front part of the basement of the building under construction, and to extend the building back farther than originally planned. The city council agreed that the city would reimburse appellants for the expense incurred in relocating the foundations. This agreement was not reduced to writing. There is no record in the minutes of the city council meetings concerning this agreement or the vote taken thereon.

Acting in reliance upon the oral agreement referred to above, appellants altered the location of such foundations. They thereby incurred necessary expenses in the sum of $4,051.48. Appellee refuses to reimburse appellants for these expenses.

In contending that this oral agreement, fully executed by appellants, is void and unenforceable because of the failure to observe certain formalities, appellee relies upon three city ordinances and a territorial statute.

■ One of these city ordinances is § 105.1 of Article II, Anchorage General Code of Ordinances, printed in the margin.[1] It seems to be appellee's contention that all contracts of the city must be executed in the manner specified in § 105.1. This ordinance provides how "all legal documents" shall be executed. It does not, however, require that all municipal contracts be evidenced by a "legal document." This ordinance, therefore, does not forbid oral contracts.

■ The territorial statute relied upon is § 16–1–40, Alaska Compiled Laws.[2] The facts before us do not establish whether the vote on the proposed agreement with appellants was taken by

---

1. Anchorage General Code of Ordinances, Art. II:
   "Section 105. Execution of Legal Documents.
   "105.1. All legal documents requiring the assent of the City shall be (1) approved by the City Council, (2) signed by the Mayor or City Manager on behalf of the City, (3) attested to thereon by the City Clerk, (4) approved thereon as to substance by the City Manager, and (5) approved thereon as to form by the City Attorney, unless otherwise provided by Territorial law, or a City ordinance."

2. Alaska Compiled Laws:
   "§ 16–1–40. Manner of Voting: Recording Votes.
   "All votes in the council on ordinances, resolutions and authorizations for the payment of money shall be by ayes and nays and the vote of each member shall be permanently recorded in the proceedings of the council."

"ayes and nays." It does establish, however, that no vote by ayes and nays was recorded in the minutes of the city council. To this extent, at least, there was a failure to comply with § 16–1–40.

Appellee contends that this is a mandatory requirement. It argues that where there is noncompliance with a mandatory requirement, there can be no recovery, even though the contract be fully performed by the other party.[3]

Without undertaking to determine whether the statutory provision under discussion is directory or mandatory, we have no hesitancy in saying that it is not the kind of a provision which calls for application of the strict rule to which appellee calls attention.

The cases and authorities cited by appellee deal with requirements which provide protection for the public, and which go to the very substance of the contract. In the Layne-Western Co. case, the statute involved required that county contracts for public improvements be let only after competitive bidding. In Edison Electric Co. v. City of Pasadena, a statute prohibited the letting of power and light contracts for periods longer than one year. The protection afforded by statutes of this nature is the assurance of fair dealing in the making of public contracts, and the elimination of collusion, fraud, and deceit. These statutes, in effect, constitute a limitation on the power of the municipality to act. The dictum in the Vito case, upon which appellee relies, is also based upon statutes of this nature.

Section 16–1–40 bears no resemblance to these statutes. While it is true that the recording of the ayes and nays serves a useful purpose, the requirement of the recording is no more designed to protect the public than to protect the party dealing with the public. It has no effect on the substance of the contract. We hold that, in the absence of factors such as were present in the Layne-Western Co. or the Pasadena cases, and in the absence of any question of ultra vires, a municipality is as subject to liability where it has benefited from a fully performed oral contract as would be a natural person. Independent Paving Co. v. City of Bay St. Louis, 5 Cir., 74 F.2d 961, 964; 10 McQuillin, Municipal Corporations (3d ed. 1950), § 29.103.

We therefore conclude that the city cannot at this time escape liability because of its own failure to keep proper records of its business transactions.

■ One further contention remains to be dealt with. Appellee urges for the first time in this court that the contract is unenforceable, since it was not let on competitive bidding in the manner provided by §§ 111 and 112 of Article II of the Anchorage General Code of Ordinances. Since this contention was not urged in the trial court, we need not consider it here. Hebets v. Scott, 9 Cir., 152 F.2d 739.

■ Nevertheless, we have done so, because of the likelihood that the point would otherwise be raised at the trial. In our view, the ordinances relating to competitive bidding are inapplicable here. The promised performance by appellants consisted of halting and altering construction work on their own property. The benefit to the city was the reduction in value of the ten-foot strip which it hoped to acquire in later condemnation proceedings. Under these special circumstances, the subject matter of the undertaking was not amenable to the competitive bidding procedures specified in the ordinances.

Since the contract, if made and performed under the circumstances assumed by the motion for summary judgment, would not be unenforceable as a matter of law, summary judgment for appellee should not have been entered. The judgment is therefore reversed, and the cause is remanded.

3. In support of its position, appellee cites Layne-Western Co. v. Buchanan County, 8 Cir., 85 F.2d 343; Edison Electric Co. v. City of Pasadena, 9 Cir., 178 F. 425; Vito v. Town of Simsbury, 87 Conn. 261, 87 A. 722; 10 McQuillin, Municipal Corporations (3d ed. 1950), § 29.26.