[No. 15204.   Department One.   October 1, 1919.]

# R. B. TATUM, *Respondent,* v. MARSH MINES CONSOLIDATED, *Appellant.*[1]

MASTER AND SERVANT (74) — FELLOW SERVANTS — METHODS OF WORK—STATUTORY LIABILITY. An agreement between one employed as a blacksmith and his helper as to the method of performing their work does not fall within the provisions of Laws of Idaho, 1909, p. 34, § 1, making the master liable for injuries to servants by any act of fellow servants done in obedience to the rules and regulations or by-laws of the master.

STATUTES (74)—CONSTRUCTION—PROVISOS. A proviso attached to a statute is a restraint upon or exception to it and does not extend the scope of the class of persons that come within it.

MASTER AND SERVANT (100, 101) — ASSUMPTION OF RISKS — COMPLAINTS—PROMISE TO REMOVE DANGER. A blacksmith's assumption of risk from the incompetence of his helper is not avoided by the fact that he made two complaints to the foreman and requested a change of helpers, where he did not indicate unwillingness to remain in the service, and the foreman merely stated he would see what could be done about it.

EVIDENCE (27)—PRESUMPTION—LAWS OF OTHER STATES. In the absence of proof, it will be presumed that the law of another state as to assumption of risks is the same as the common law of this state.

Appeal from a judgment of the superior court for Spokane county, Webster, J., entered July 5, 1918, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by an employee of a mining company.   Reversed.

*Post, Russell & Higgins,* for appellant.

*Carl Ultes, Jr.,* for respondent.

MAIN, J.—This action was instituted to recover damages for personal injuries claimed to have been caused by negligence chargeable to the defendant. The cause was tried to the court and a jury, and resulted in a

[1]Reported in 184 Pac. 628; 187 Pac. 410.

verdict in favor of the plaintiff. At the conclusion of plaintiff's case in chief, the defendant challenged the sufficiency thereof and requested the court to enter a judgment in its favor. This motion was overruled, and was repeated at the end of all of the evidence, with a like result. After the verdict was rendered, the defendant moved for judgment notwithstanding the verdict and, in the alternative, for a new trial. The motion for judgment notwithstanding the verdict was overruled. The motion for a new trial was overruled upon the condition that the plaintiff should elect to remit from the verdict the sum of $2,500. The election being made, judgment was entered on the verdict for the reduced amount, from which judgment the defendant appeals.

The appellant is a corporation and, at the time of the injury for which recovery is sought in this action, was operating a mine near Burke, in the state of Idaho. The respondent was employed as a blacksmith in connection with the operation of the mine. The work for which the respondent was employed was done in a blacksmith shop located near the mine. A part of the work which he was required to do was that of sharpening steel. In the blacksmith shop, working with the respondent, was one John Klodt, whose duties were those of a blacksmith's helper.

The steel to be sharpened consisted of bars of from five to seven feet in length. In the blacksmith shop was a furnace in which one end of the bars of steel was placed to be heated. There was a sharpening machine in the shop also. Klodt had been employed as a blacksmith's helper prior to the employment of the respondent. When the latter was employed, he and Klodt talked over the plan or method by which they would work together in heating and sharpening the steel. Under the arrangement mutually agreed upon between

them, Klodt was to cause the steel to be placed in the furnace, and when the end was sufficiently hot, to remove it therefrom, place the hot end in the die to be sharpened, and the other end upon a trestle or tripod nearby. After it was sharpened by the respondent operating the machine, it would be removed by the respondent and placed one end upon the floor of the shop. Thereupon the helper would remove from the furnace another piece of steel, place it in the machine ready for sharpening, and would remove the one previously sharpened from where it had been placed by the respondent when taken out of the machine.

While working in this way, one of the pieces of steel which had been placed ready for sharpening dropped, or partly dropped, to the floor, and while the respondent was in the act of stooping to pick it up and place it in proper position, the helper brought another piece of hot steel from the furnace to be placed in the machine. As he conveyed it to the machine, the hot end came in contact with the respondent's left eye, while he was in a stooping position looking after the fallen steel. This is the injury for which recovery is sought.

The action was tried upon the amended complaint, which will be referred to here as the complaint, the answer, containing affirmative defenses, and the reply. The complaint specifically alleged that the action was brought under an act of the legislature of the state of Idaho relating to the liability of employers to employees.

The first question is whether the evidence in the case brings it within the provisions of that act. It is there provided, among other things, that:

"Section 1. Every employer of labor in or about a . . . mine . . . shall be liable to his employe or servant for a personal injury received by such servant or employe in the service or business of the master

or employer within this state when such employe or servant was at the time of the injury in the exercise of due care and diligence in the following cases: . . . (3). When such injury was caused by reason of the act or omission of any person in the service or employment of the master or employer, done or made in obedience to the rules and regulations or by-laws of the master or employer, or in obedience to particular instructions given by any person delegated with the authority of the master or employer so to instruct.'' Laws of Idaho, 1909, p. 34, § 1.

It is not claimed that the injury in this case was caused by any one acting in obedience to particular instructions given by any person with the authority of the employer. The other provisions of subdivision 3 make the employer liable when the injury was caused by reason of the act or omission of a person, done or made in obedience to the rules and regulations or by-laws of the master or employer. Under the facts of this case the respondent and the helper, in the method adopted for sharpening the steel, were not doing so in obedience to any rules and regulations or by-laws of the employer.

The evidence is clear, and not subject to controversy, that, when the respondent first entered the employment, he and the helper, who had previously been there, talked over together and agreed upon the method by which they would perform the work. It cannot be said that such an agreement between these parties comes within the provision of the statute relating to rules and regulations or by-laws promulgated by the employer. There is no merit in the contention that the proviso referred to enlarges the scope and meaning of the declaring part of the statute, for two reasons; first, the function of a proviso attached to a statute is a restraint upon, an exception to, or a modification of, something which appears in the declaring part of the

act. *Tsutakawa v. Kumamoto,* 53 Wash. 231, 101 Pac.
869, 102 Pac. 766; and second, the proviso of the stat-
ute relied upon does not purport to extend the scope
of the class of persons that come within it beyond those
mentioned in subdivisions 1, 2, 3 and 4. The facts do
not bring the case within the statute.

It is next contended that, even though the proof
failed to show liability under the statute, the respond-
ent had a right, under the allegations of the complaint
and the proof in support thereof, to recover at common
law. It is alleged in the complaint that Klodt, the
helper, had defective eyesight; that he was incompetent
and reckless, and that the accident was caused by rea-
son of his incompetency, negligence and carelessness.
There was evidence as to incompetency and negli-
gence. This evidence, even though disputed, and
though we might be of the opinion that the greater
weight of evidence was against it, would be sufficient
to sustain the verdict and judgment, unless the re-
spondent is charged with the assumption of such risk.
The risk would be assumed by the respondent unless
he has brought himself within the rule that, where a
complaint is made to the employer by an employee, of
the incompetency of another employee, making known
his unwillingness to continue in the employment unless
the dangerous situation is relieved, and assurance is
received that such dangerous situation will be relieved,
and that the employee relied upon the assurance and
thereafter continued in the employment until the time
of the accident, the doctrine of assumed risk does not
apply. Labatt, Master and Servant, § 419; *Coulston
v. Dover Lumber Co.,* 28 Idaho 390, 154 Pac. 636;
*Myhra v. Chicago, Milwaukee & Puget Sound R. Co.,*
62 Wash. 1, 112 Pac. 939.

Respondent testified that, on two occasions, he com-
plained to the master mechanic of the appellant and

requested him to make a change in helpers; that Klodt, the helper, could not see good and was reckless. He further testified that the master mechanic said he would see what he could do about it. This testimony, even though denied by the master mechanic, must, for present purposes, be accepted as true. There was nothing in the evidence which would tend to show that the respondent had given the master mechanic to understand that he was unwilling to continue in the employment unless the cause of danger was removed. Neither is there anything from which it can be inferred that he relied upon any assurance given him by the master mechanic, and that he continued in the employment for that reason. It must be held, treating the case as an action at common law, that the respondent assumed the risk. In determining this question, there being no proof as to what the law of Idaho upon the question is, it must be assumed that the law of that state is the same as the common law of this state, and that a state of facts existed which would permit us to apply such law.

The judgment will be reversed, and remanded with instructions to the superior court to dismiss the action.

MACKINTOSH and MITCHELL, JJ., concur.

### ON REHEARING.

[*En Banc.* February 17, 1920.]

PER CURIAM.—Upon a rehearing *En Banc*, a majority of the court adhere to the opinion heretofore filed herein, and for the reasons there stated, the judgment is reversed and remanded with instructions to the superior court to dismiss the action.