[No. 31954. Department Two. April 3, 1952.]

A. M. ALLEN et al., *Respondents*, v. FRANK L. SACCOMANNO, *Appellant.*[1]

*Joseph A. Albi,* for appellant.

*Del Cary Smith,* for respondents.

OLSON, J.—Defendant appeals from an adverse judgment entered in an action for damages arising out of an automobile collision, after trial to the court.

November 15, 1950, appellant's bulldozer was being driven by one of his employees in a southerly direction on a two-lane highway in Idaho. Its motor failed about 4:30 p. m., and the machine stopped on its right side of the main traveled portion of the road. It was not equipped with any lights. As it became dark, the driver stood by the front of the machine, near the center of the highway, with a flash-

[1]Reported in 242 P. (2d) 747.

light to warn approaching traffic. The highway is straight for several miles in each direction from this point. Snow was falling heavily at about 7:00 p. m., as respondents approached the bulldozer, from the south, in their automobile being driven by respondent husband. His car was equipped with chains, and he was driving with the lights on low beam, at a speed of about twenty-five miles per hour. He saw the flashlight when he was approximately one hundred fifty feet away. From its movement and position on the road, he thought it was the taillight of a truck which he was overtaking, because, to him, broken lenses in the rear lights on trucks were not uncommon. He turned to his left, intending to pass the truck, and collided with the bulldozer, causing the injuries for which damages were allowed.

The trial court found that the proximate cause of the collision was the negligence of the appellant's driver, in that the bulldozer was parked upon the main traveled portion of the highway for an unreasonable length of time; that it was not equipped with adequate lights or lighting; that no warning lights were placed on or near it to signify its presence on the highway; that the respondent driver was deceived by the fact that the appellant's driver was standing in the middle of the highway, with a "flarelight" which he turned on when respondent was approximately six hundred feet from the bulldozer; that respondent driver believed and had good reason to believe, from the position of the light, that he was overtaking a vehicle proceeding in the same direction; and that certain specifically mentioned sections of chapter 5, Title 49, of the Idaho Code, governing the operation of motor vehicles, were the pertinent provisions of the Idaho statutory law. The court further found that there was no contributory negligence on the part of respondent driver which was a proximate cause of the collision.

Appellant's assignments of error are directed against the findings of fact which the trial court made or refused to make.

We might have reached a different factual conclu-

sion upon the evidence, but it is in conflict, and we cannot say that it preponderates against the action of the trial court in either regard. Consequently, these assignments of error are without merit, and the findings of fact made by the trial court become the established facts of the case. This conclusion precludes the necessity of our discussion of appellant's further contention that the doctrine of last clear chance applies.

■ We have considered this case in the light of the Idaho statutes governing the operation of motor vehicles, which were pleaded. No decisions of the supreme court of Idaho upon this subject were pleaded, nor was any effort made to amend the pleadings to include them. Our consideration of them, as a matter of judicial notice, is prevented by RCW 5.24.040 of the "Uniform Judicial Notice of Foreign Laws Act" [cf. Rem. Supp. 1941, § 1281], which provides:

"This chapter shall not be construed to relieve any party of the duty of pleading such laws where required under the law and practice of this state immediately prior to the effective date hereof, June 11, 1941."

*Tatum v. Marsh Mines Consolidated,* 108 Wash. 367, 184 Pac. 628, 187 Pac. 410 (1919), required the common law of a foreign jurisdiction to be pleaded, and expressed the rule when the quoted statute was enacted. The common law of Idaho is, therefore, considered to be the same as that existing in this jurisdiction. *Norm Advertising v. Monroe Street Lbr. Co.,* 25 Wn. (2d) 391, 171 P. (2d) 177 (1946), and cases cited.

The findings of fact support the judgment. We know of no Washington case, and none has been cited, which requires a conclusion different from that reached upon these facts.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and FINLEY, JJ., concur.