[No. 34157.  Department Two.  September 19, 1957.]

CORAL J. FOCHT *et al.*, *Respondents*, v. LLOYD JOHNSON *et al.*,
*Appellants*.[1]

[1]Reported in 315 P. (2d) 633.

*Del Cary Smith, Paine, Lowe, Coffin & Herman,* and *Horton Herman,* for appellants.

*H. Earl Davis* and *Wm. P. Wimberly,* for respondents.

Rosellini, J.—The plaintiffs, husband and wife, who will be respectively referred to herein as Mr. Focht and Mrs. Focht, were employed as ranch hand and cook on a ranch, near Springdale, owned by the defendants. Mrs. Focht was injured when she fell down a basement stairway in the house which they occupied on the ranch. This suit was brought on the theory that the defendants were negligent in failing to provide a safe place to work. The defendants alleged in their answer that Mrs. Focht had assumed the risks incident to use of the stairway and that her injuries were due to her own negligence. The jury returned a verdict in favor of the plaintiffs.

According to the testimony, the plaintiffs were hired by the ranch foreman in the fall of 1953. On October 18, 1953, they met the defendant Lloyd Johnson and the foreman at the ranch to discuss the proposed work. While they were at the ranch, they were shown the house in which they would live until another house was repaired for their occupancy. In going over the house, Mr. Johnson drew their attention to the fact that the inside basement stairway was steep and the treads narrow. He cautioned them to be careful in descending the stairway and said that he would fix it.

The plaintiffs moved into the house on November 5, 1953. At that time or shortly thereafter, the foreman asked Mr. Focht, who had carpenter's tools and did general carpentry work on the ranch, whether he could fix the stairs, and Mr. Focht said that he could. Nothing was done about the stairway, however. In addition to taking care of his cattle-feeding duties, Mr. Focht did some fencing, made some improvements in the barn, and in the house which the plaintiffs were

to occupy later. On his own time, he made certain improvements in the basement of the house in which they were living, including a cement base for the washing machine and shelves for tools and canned goods.

At the suggestion of the foreman, Mr. Focht obtained advice from a carpenter as to how to reconstruct the stairway, and on December 15th or thereabouts, he began to dismantle the steps. When he had removed four or five steps, the foreman (whose duties included the supervision of other ranches belonging to the defendants, in addition to the one on which the plaintiffs were employed) came and advised him that there was more important work to do that day in the barn. He replaced the steps that evening and did not again attempt to make the alteration until the middle of January, more than two weeks after Mrs. Focht was injured. The work was done in two evenings.

Although Mr. Focht stated, on direct examination, that he did "rely" on the promise of Mr. Johnson, on cross-examination, when asked whether, after the lapse of fifty days, he felt he could still rely on that statement, he said:

"Well, we thought if they were going to fix them they should be pretty soon. That is why I started to fix them."

It is the position of the defendants that a verdict should have been directed in their favor.

■ While it is the legal duty of an employer to furnish his employees a reasonably safe place to work, it is also the rule that one who, as servant or employee, enters into the service of another, assumes by his contract of employment the risk of all dangers ordinarily incident to the work upon which he engages (*Walsh v. West Coast Coal Mines*, 31 Wn. (2d) 396, 197 P. (2d) 233) and also the extraordinary risks of employment if they are open and apparent, although due directly to the master's negligence. *Cummins v. Dufault*, 18 Wn. (2d) 274, 139 P. (2d) 308.

■ However, if a place where an employee is assigned to work, or an instrumentality with or upon which he must perform it, is or becomes unsafe or dangerous, and the employer promises the employee that he will remedy the con-

dition, the employee has the right to rely upon the promise and continue with his work for such reasonable length of time as it would appear proper for the promise to be complied with; and in the event he is injured he is not chargeable with having assumed the risks incident to the employment during such time, or until it becomes apparent to him that the employer is not going to carry out his promise. *Ebding v. Foster*, 34 Wn. (2d) 539, 209 P. (2d) 367.

■ In the case of *Johnson v. North Coast Stevedoring Co.*, 109 Wash. 236, 186 Pac. 663, the danger consisted of a slippery floor. The employer promised that he would remedy the condition by spreading sawdust. In discussing the applicable law, we said:

"The rule laid down by the authorities generally, and approved by the many decisions of this court, is that, where an employee goes to work at a place that is, or with machinery and implements which are, defective or dangerous, and he complains to the master of such condition, *and gives him to understand that he will quit work unless such condition is remedied,* and the master gives the servant assurances that such condition will be remedied, the latter may continue at his labor for such reasonable length of time as it would appear proper for the repair to be made, or the promise of the master to be complied with, provided, he continues at such work relying upon the promises or assurances, and that, under these conditions, the workman will not be held to have assumed the risk. Nor is it necessary that the workman should say in express words that he will stop work unless the repairs are made, but *it is sufficient if his words and conduct are such as to indicate to the employer that such was his intention;* nor is it necessary that the employer should make any absolute or express promise or assurance of repair or to remedy such defect, but such promise or assurance may be implied from the words and acts of the employer." (Italics ours.)

This statement of the law was quoted with approval in *Ebding v. Foster, supra.*

■ We think that, after hearing all of the evidence, the court should have ruled as a matter of law that the plaintiffs had failed to establish the facts necessary to entitle them to recover. The record is devoid of any evidence that the plain-

tiffs ever indicated to the defendants, by word or deed, that they would quit work unless the stairway was remedied. Unless the employee's unwillingness to remain in the service is indicated to the employer, assumption of risk is not avoided. *Tatum v. Marsh Mines Consolidated*, 108 Wash. 367, 184 Pac. 628, 187 Pac. 410; *Grandpre v. Chicago, M. & St. P. R. Co.*, 46 S. D. 32, 190 N. W. 323 (certiorari denied, 261 U. S. 618, 67 L. Ed. 829, 43 S. Ct. 363). See annotation 61 A. L. R. 901.

Furthermore, by his own testimony, Mr. Focht admitted that on or about December 15th, nine days before the accident occurred, it had become apparent to him that the promise was not going to be kept. The evidence showed that the alteration could be made in two evenings, or not more than two days. The accident occurred more than two months after the original promise was made. We think it undeniable that this was considerably more than the time in which the repair should properly have been made. It is urged by the plaintiffs that the promise was renewed by the foreman. The plaintiffs never discussed the matter with Mr. Johnson after October 18th, and from aught that appears in the record, they never saw him from that date until the accident occurred. The foreman remarked on several occasions that one of the jobs they were going to do, in addition to all the other repair jobs on the ranch, was to change the slope of the stairs, a job which Mr. Focht advised him he could do. The only inference to be drawn from these discussions is that the alteration of the stairway was considered a job which Mr. Focht would do at some indefinite time in the future as a part of the ranch improvement. It falls short of a promise that the employer would make the alteration, a promise given as an inducement to the plaintiffs to remain in the employment.

The judgment must therefore be reversed and the case remanded for dismissal.

It is so ordered.

HILL, C. J., SCHWELLENBACH, DONWORTH, and MALLERY, JJ., concur.