[No. 34870.  Department One.  December 3, 1959.]

LEONARD G. WALSH *et al., Appellants,* v. RICHEY-GILBERT COMPANY, *Respondent.*[1]

*Arthur W. Kirschenmann,* for appellants.

*Gavin, Robinson & Kendrick* and *Robert R. Redman,* for respondent.

HUNTER, J.—This is an action for personal injuries sustained by plaintiff Leonard G. Walsh, while employed picking apples in the defendant's orchard.

The defendant operated an apple orchard of approximately twenty-five acres in the Yakima valley. Prior to the time of plaintiff's injury, the defendant had permitted a

[1]Reported in 346 P. (2d) 1010.

"cover crop" of dense weeds and other vegetation in its orchard to attain a height of approximately three feet. To facilitate the harvesting of the apples, the defendant had flattened this undergrowth by the use of a drag, which resulted in a dense mat, making it impossible to see the condition of the ground surface underneath. On the occasion of his injury the plaintiff, descending from a ladder with a picking bag full of apples, stepped off the ladder into a bowl-shaped hole approximately fourteen inches across and eight to ten inches deep, which had been concealed by the matted undergrowth.

The plaintiff predicated his right to recover on the theory that the defendant employer had breached its duty to furnish a reasonably safe place in which to work, in two particulars: (1) its care of the "cover crop" and (2) in its failure to inspect for holes and to give warning of their existence.

In its answer, the defendant denied it was chargeable with any negligence and by way of affirmative defense invoked the doctrine of assumption of risk, asserting that the plaintiff had assumed the open and apparent dangers of his employment and was therefore barred from any recovery.

A trial was had before a jury and at the close of plaintiff's case the defendant interposed a motion for nonsuit, which was granted, and judgment was entered dismissing plaintiff's complaint with prejudice. The plaintiff appealed.

In considering appellant's assignments of error, we find it only necessary to discuss the issues raised by respondent's affirmative defense, as we believe the doctrine of assumption of risk as applied to the facts of this case is determinative of this appeal.

In *Focht v. Johnson*, 51 Wn. (2d) 47, 315 P. (2d) 633 (1957), this court stated:

"While it is the legal duty of an employer to furnish his employees a reasonably safe place to work, it is also the rule that one who, as servant or employee, enters into the service of another, assumes by his contract of employment the risk of all dangers ordinarily incident to the work upon which he engages (*Walsh v. West Coast Coal Mines*, 31 Wn. (2d) 396, 197 P. (2d) 233) and also the extraordinary risks

of employment if they are open and apparent, although due directly to the master's negligence. *Cummins v. Dufault,* 18 Wn. (2d) 274, 139 P. (2d) 308."

In the light of the above rule, we will examine the appellant's knowledge of the dangers incident to his employment in the instant case.

The record discloses that the appellant was an experienced orchard worker who had picked apples during picking seasons in the Yakima valley for twenty-one years. At the trial he was qualified as an expert in the field of orchard work and was permitted to testify as such. The record further discloses that the day before commencing his employment he made some inspection of respondent's premises and spent about an hour driving around the orchard and talking to the respondent's "picking boss." Appellant concluded that the orchard was not in good condition. He initially declined to pick because of the poor condition of the trees, the maintenance of the orchard, and the poor conditions underfoot. The following day, after he had commenced picking, he was requested to pick in the area where the injury occurred; his immediate reaction was to refuse, but agreed to do so after being told that no one else would pick in that area. From his orchard experience, the appellant knew that holes in orchards large enough to step into could result from a number of causes such as washing from a "leaky connection" of an irrigation sprinkler, from pulling out second growth, or by the burrowing of gophers.

The trial court made these pertinent observations relative to appellant's knowledge:

". . . we have an experienced orchard worker, knowing of the possible existence of the very thing that he stepped into, hesitating about accepting work because of the mat on the ground, the brush in the orchard and the general condition of the orchard, then overcoming his first impulse of not to work there, accepting the work, and stepping into this hole. As I said before, if dragging this cover crop two ways was negligence or fault, it was negligence or fault that the plaintiff knew about, obvious and apparent to him, obvious and apparent that it could, as it did, cover a hole. . . ."

■ It appears clear and beyond dispute, from the record, that the appellant was aware of the risk incident to working in the respondent's orchard; that he had actual knowledge of the danger of stepping into holes, similar to the one in question, which would be concealed by the matted vegetation. This was an apparent and known danger and a risk of his employment which he assumed, coming within the rule of *Focht v. Johnson, supra.*

■ The trial court was correct in granting respondent's motion for nonsuit, and entering judgment of dismissal.

The judgment of the trial court is affirmed.

WEAVER, C. J., MALLERY, DONWORTH, and OTT, JJ., concur.