[No. 35151.   Department Two.   August 4, 1960.]

EDWIN C. RICHTER, *Appellant,* v. JOSIE RAZORE *et al., Respondents.*[1]

*Richard Kelleher,* for appellant.

*Rosling, Williams, Lanza & Kastner* and *Joseph J. Lanza,* for respondents.

FINLEY, J.—This is a lawsuit to recover damages for personal injuries suffered by plaintiff Richter while working

[1]Reported in 354 P. (2d) 706.

as a custodial employee at Rainier Lanes, a Seattle bowling alley, owned and operated by the defendants. After defendants' motion for a directed verdict was denied, the trial judge submitted the case to the jury, which returned a verdict in favor of plaintiff in the amount of $4,370. Thereupon, defendants moved for a judgment notwithstanding the verdict, or, in the alternative, for a new trial. At this point in the proceedings, the trial judge ruled in favor of the defendants, granted the motion, and dismissed plaintiff's lawsuit. An order was also entered granting defendants a new trial, effective only in the event that the ruling granting judgment, n.o.v., should be reversed on appeal. Plaintiff has appealed.

Appellant Richter sustained his injury on the night of October 13, 1957, when his right hand was caught in the moving gears of an automatic pinsetting machine, which had been installed in the respondents' bowling establishment, Rainier Lanes, only a few days earlier. Warren Razore, respondent's teen-age son, had asked Richter to explain and show him why the new pinsetting machines were scratching the tops of the bowling pins with which they came in contact. Richter took young Razore to a position immediately adjacent to the side of one of the automatic pinsetting machines, at the far end of an alley or lane, where appellant Richter had observed several persons preparing to commence bowling. While they were waiting for the pinsetting machine to be put in motion—which could occur either (a) when bowling balls were rolled down the alley or (b) upon manipulation of an activating button, located at the front, or top, end of the alley—appellant Richter stood beside the pinsetting machine, with his right hand resting on a so-called "kick-back" rail. This "kick-back" rail separated the pin bed (upon which the pinsetting machinery was located) from the aisleway in which appellant and young Razore were standing.

While remaining in this position for several minutes, Richter heard some one call his name. As he turned to respond, his right hand swung in the direction of the pin-

setting machine. At that moment, the machinery started in motion, and appellant's hand was caught in the moving parts and was injured.

Appellant's theory of liability is that the respondents, as employers, were under a duty to furnish employees with a reasonably safe place to work. In applying this theory, appellant specifically emphasizes the undisputed failure of the respondents to install and maintain a protective metal guard, supplied by the manufacturer for the purpose of safeguarding persons near the machine when it was in operation. Respondents argue that the absence of the protective metal guard was not a proximate cause of the injury; and further, respondents invoke the affirmative defenses of contributory negligence and assumption of risk.

The trial court's judgment for the respondents-defendants, notwithstanding the verdict, was based upon three grounds: (1) that proof by plaintiff-appellant failed to establish the alleged primary negligence of defendants; (2) that plaintiff-appellant was chargeable with contributory negligence; and (3) that plaintiff-appellant assumed the risk of injury, as a matter of law. We are convinced that under the facts of this case the doctrine of assumption of risk is determinative of this appeal.

In *Walsh v. Richey-Gilbert Co.* (1959), 55 Wn. (2d) 190, 346 P. (2d) 1010, quoting with approval from *Focht v. Johnson* (1957), 51 Wn. (2d) 47, 315 P. (2d) 633, we said:

" 'While it is the legal duty of an employer to furnish his employees a reasonably safe place to work, it is also the rule that one who, as servant or employee, enters into the service of another, assumes by his contract of employment the risk of all dangers ordinarily incident to the work upon which he engages (*Walsh v. West Coast Coal Mines,* 31 Wn. (2d) 396, 197 P. (2d) 233) and also the extraordinary risks of employment *if they are open and apparent,* although due directly to the master's negligence. *Cummins v. Dufault,* 18 Wn. (2d) 274, 139 P. (2d) 308.' " (Italics ours.)

There can be no doubt that appellant Richter knew, prior to the accident, that the protective guard had not been placed upon the pinsetting machine next to which

he was standing. Further, appellant was fully aware of the danger, his testimony on this point being as follows:

"Q. Do you recall warning young Razore to stay away from the machine, not to get too close? A. I believe we —I think we mentioned—we both never got too close to it. Q. Did you mention it to Razore? A. I am not sure. Q. You may have? A. Because both of us, we knew that much. Q. You knew it would be foolish to get your hands in that machine, didn't you? A. Well, any person with common sense would know that."

Appellant's understanding and awareness of the danger is further emphasized by the undisputed fact that he had been working around bowling alleys for nearly fifty years. During the three to four years immediately preceding the accident, he had worked in establishments in which automatic pinsetters had been installed. Although not a mechanic, his testimony reveals that he had considerable knowledge relative to the operation of such machines. Thus, it seems to us that the facts in this case clearly meet the test laid down by this court in *Blanco v. Sun Ranches, Inc.* (1951), 38 Wn. (2d) 894, 234 P. (2d) 499, wherein, quoting with approval from *Gila Valley G. & N. R. Co. v. Hall* (1914), 232 U. S. 94, 58 L. Ed. 521, 34 S. Ct. 229, we said:

" 'In order to charge an employee with the assumption of a risk attributable to a defect due to the employer's negligence, it must appear not only that he knew (or is presumed to have known) of the defect, but that he knew it endangered his safety; or else such danger must have been so obvious that an ordinarily prudent person under the circumstances would have appreciated it.' "

It is our conclusion that, although the condition of the pinsetting machine constituted an extraordinary risk created by the negligence of respondent employers, under the rule of *Focht v. Johnson, supra,* appellant assumed the risk, and is thus precluded from recovering for the injury he sustained. The judgment of the trial court should be affirmed. It is so ordered.

WEAVER, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.