(No. 6539.   July 29, 1938.)

BERNICE ADKINS, Appellant, v. ED ZALASKY and the WASHINGTON CUT GLASS COMPANY, INC., Respondents.

[81 Pac. (2d) 1090.]

J. Ward Arney, for Appellant.

Whitla & Knudson, for Respondents.

MORGAN, J.—This action is for damages for personal injuries sustained by appellant, who was plaintiff in the district court, by being struck by an automobile driven by respondent, Zalasky in the course of his employment by respondent, Washington Cut Glass Company, Inc. A demurrer to the amended complaint was sustained; appellant refused to further plead and judgment of dismissal was entered, from which this appeal was taken.

The amended complaint shows appellant was 20 years old at the time of her injury; that on or about April 24, 1937, at about 4:45 P. M., she was a passenger on a stage, traveling in an easterly direction on U. S. Highway No. 10, toward the intersection thereof with McGuire's Road; that the highway runs east and west and McGuire's Road runs north and south; that the highway, at said point, and for many miles on either side thereof was paved with concrete, at least 18 feet wide, and was plainly marked in the center thereof with a yellow stripe approximately 4 inches wide; that on either side of the pavement there were shoulders, well packed and graveled, permitting the operation of motor vehicles

thereon; that at the point of intersection with the highway McGuire's Road was well surfaced and fanned out to meet the pavement and was available for automobile traffic thereon; that at said time and place the sun was shining and the view was unobstructed between respondent Zalasky and the stage and appellant; that there was no other vehicle, or other obstruction, on the highway within 400 or 500 feet of the intersection, or on either side thereof; that for 600 or 700 feet on the east of the intersection, and for approximately a mile west thereof, said highway is without curvature and is in a straight line; that the stage was stopped after crossing the intersection, on the east side thereof and on the south side of the pavement, with the right-hand wheels of the stage off the pavement, and appellant was discharged as a passenger therefrom; that the stage was approximately 8 feet wide, over all, 8 feet high and 20 feet long; that upon alighting from the stage, appellant walked along the south side of it, on the shoulder of the highway to the back and westerly end of the stage, on to the concrete pavement, thence in a northerly direction to cross the pavement; that after she passed the northerly side of the stage, at the end thereof, she looked to her left and to the west, observing that no other car was approaching from that direction within 400 or 500 feet and proceeded to the center stripe of the pavement where, as she stepped across the center stripe, and before she had crossed more than a foot in distance to the north of it, she was struck by the left and front and southern side of the car, which was being operated along the highway toward the west by respondent, Zalasky, with such force and violence that she was thrown into the air at a height of about 3 or 4 feet above the radiator of the car and was hurled to the pavement and, solely therefrom, sustained injuries and damages in the amended complaint set forth.

The amended complaint further shows that the car was being operated at a rate of speed, which appellant was advised and believed and therefore stated to be, between forty and forty-five miles per hour, with the south side thereof within a foot of the center stripe of the pavement; that respondent, Zalasky, had an unobstructed view of the stage and of appellant, she being a pedestrian on the highway and

in the intersection, and gave no warning signal, and made no effort to avoid striking her, after seeing her, or being in a position, by the exercise of due care, to have seen her in a place of peril. The amended complaint also states the injuries which appellant suffered, and her loss and damage by reason thereof including attacks of headache, dizziness and nervous symptoms. It is further stated in the amended complaint:

"That the negligent acts of the defendants, as herein alleged, were the sole and proximate cause of the injuries and damages to the plaintiff, and that said negligent acts consisted in:

"(1). That the defendant driver was operating the motor vehicle of defendant owner in the course of the employment of the defendant driver with the defendant owner at said time and place at a rate of speed in excess of 35 miles per hour, and at a rate of speed, which plaintiff is advised and believes and therefore states to have been at 40 to 45 miles per hour.

"(2). That the defendant driver was operating the car of the defendant owner in the course of said employment of the defendant driver by the defendant owner in approaching and passing said stage without giving any warning signal whatsoever of the approach of the car of defendants, when said defendant driver saw, or could, by the exercise of reasonable diligence, have seen, that said stage was parked and was either discharging passengers therefrom or accepting passengers.

"(3). That the car of the defendant owner was being operated by the defendant driver in the course of the employment of the latter by the former at said time and place within a foot of the north side of the center line of said pavement, when the defendant driver saw, or could, by the exercise of reasonable diligence, have seen, that said stage was parked as herein alleged, and was discharging or taking on passengers.

"(4). That the car of defendant owner was being operated by defendant driver in the course of employment of the latter by the former at said time and place and when said defendant driver saw, or could, by the exercise of rea-

sonable diligence, have seen, the plaintiff walking across said pavement, but that the defendant driver neither (a) deviated the course of said car, although there was ample opportunity so to do, and thus avoid colliding with the plaintiff, as a reasonable prudent driver could and would have done under the same or similar circumstances; or (b) slowed or brought the car of defendants under control, so as to avoid said collision, as a reasonably prudent person could and would have done under like or similar circumstances; or (c) sounded warning signal of the approach of the car, so as to have warned plaintiff thereof, as a reasonably prudent person would have done under like or similar circumstances; the plaintiff at all times being in a position where the defendant driver did see, or, by the exercise of reasonable diligence, could have seen, the plaintiff walking across said pavement.

"(5). That the defendant driver failed, after having seen, or having been in a position to have seen, had said defendant exercised reasonable diligence in observing the plaintiff walking across said pavement, to (a) retard or stop said vehicle; or (b) deviate the course of said vehicle to the right and north of said driver; or (c) sound a warning signal audible to the plaintiff.

"(6). That the defendant driver failed, after being in a position to have seen, through the exercise of reasonable diligence, in observing the plaintiff in a position of peril, to have avoided collision with the plaintiff by (a) retarding or stopping said vehicle; or (b) deviating the course of said vehicle to the right and north of said driver; or (c) sounding a warning signal audible to the plaintiff."

The demurrer is based on two grounds: (1) Insufficiency of facts stated to constitute a cause of action. (2) That the amended complaint is ambiguous, unintelligible and uncertain. Following the statement of each of these grounds of demurrer is considerable typewritten matter by way of argument, a practice which should not be encouraged. Arguments in support of demurrers should be submitted either orally or by brief. Arguments incorporated in demurrers encumber the record and may be confusing.

The demurrer also contains the following:

"III

"The defendants further particularly demur to the allegation of damages in Paragraph 6 for the reason that there is no showing in said paragraph or in said amended complaint whatever that the attack of dizziness, headaches and nervous symptoms and headaches and nervous disturbances were caused or brought about by any act of the defendants whatever or that the defendants are in any manner whatever responsible therefor.

"IV

"Defendants further demur to the elements of damages alleged for the reason that it is based upon said alleged items of which there is no showing whatever in the amended complaint that the same were brought about or caused by any act whatever of these defendants."

There is no provision in our statute authorizing a demurrer to an item or fragment, of a complaint. The matters stated in paragraphs III and IV are not grounds of demurrer in Idaho. (I. C. A., sec. 5–607.)

There is no merit in the attack on the complaint on the grounds of ambiguity, unintelligibility and uncertainty.

The serious question presented for decision is as to whether the amended complaint shows appellant's cause of action is defeated by contributory negligence. This question is properly presented by that part of the demurrer which asserts that the amended complaint does not state facts sufficient to constitute a cause of action. (*Goure v. Storey,* 17 Ida. 352, 105 Pac. 794.)

As a general rule the question of negligence, or of contributory negligence, is one for the jury. With respect to contributory negligence, this rule is thus stated in I. C. A., sec. 5–816:

"In all actions hereafter brought for damages for injury to person or property, contributory negligence is a matter of defense, and it is not necessary for the plaintiff to either plead or prove the negative of contributory negligence."

It has frequently been announced in this state that the question of negligence, and of contributory negligence, is for the jury, and never one of law, unless the facts alleged in the complaint, or proven by plaintiff's evidence, are reason-

ably susceptible of no other interpretation than that the conduct of the injured party caused, or contributed to, his injury and that, because of his negligence and carelessness, he did not act as a reasonably prudent person would have acted under like circumstances. (*Donovan v. Boise City*, 31 Ida. 324, 171 Pac. 670; *Williamson v. Neitzel*, 45 Ida. 39, 260 Pac. 689; *Bennett v. Deaton*, 57 Ida. 752, 68 Pac. (2d) 895, and cases therein cited on this point.)

This accident occurred, not on a crowded street, but on a crossing of a country road by an interurban highway. There is nothing in the complaint to indicate it came within the classification of what courts sometimes refer to as "a known place of danger." When appellant alighted from the stage she walked westward away from the approaching automobile and when she turned northward the stage obstructed her view to the east until she passed beyond it and was within a very short distance of the point in the highway where she was struck by the automobile. It is urged that if she looked eastward along the highway, before proceeding in a northerly direction from the northwest corner of the stage, she must have seen the approaching automobile and was guilty of contributory negligence by proceeding on her way until it had passed; that if she did not look eastward she was guilty of contributory negligence in failing to do so.

One reason for the rule that the existence of negligence, or contributory negligence, is not generally a question for the judge is that a jury is composed of members of various ages, occupations and experiences, and is in better position to determine what a reasonably prudent person would do, under stated circumstances, than is a trial judge or an appellate court. It is well known that some people react more quickly, and more intelligently, to impending danger than do others; that old people are apt to be more cautious than are young people, and that human judgments are as diversified as are human beings. Therefore, the best way to get a just determination, as to whether a man or woman acted "as a reasonably prudent person would have acted under like circumstances," is to submit the question to a jury, and get the benefit of the combined opinions of twelve persons on

it. It is only when there can be but one possible answer, reasonably made, to that question that a trial judge, or an appellate court, should assume to decide it. It is a human weakness for one to say, when considering the conduct of others, ''I would not have done that,'' or ''I would have done this,'' and to say it in such a way as to indicate that what he would have, or would not have done settles the proper procedure for all mankind. The method of deciding disputed facts, or of drawing just conclusions from those not in dispute, by submitting the question to a jury, composed of individuals of various walks of life, ages and experiences, is the best known means of establishing the facts which, in the administration of justice, must form the basis of a judgment.

In *McKenna v. Grunbaum*, 33 Ida. 46, 54, 190 Pac. 919, 921, we quoted from *Davis v. Pacific Power Co.*, 107 Cal. 563, 40 Pac. 950, 48 Am. St. 156, as follows:

''People are liable to lapses of memory with reference to facts with which they are daily confronted. It would be for the jury to say whether such lapse of memory was negligence taking into consideration all the circumstances.''

In *Flach v. Fikes*, 204 Cal. 329, 267 Pac. 1079, 1080, it is said, speaking of a man who was injured by being struck by an automobile in a street:

''There is no evidence that he did not look in the direction of defendant's approaching machine before he attempted to cross the street. He may have done so, and, believing that he could cross the street before defendant's machine reached the point where he was to cross, attempted so to do. This may or may not have been negligence on his part. It cannot be said that a person is guilty of contributory negligence merely because he attempts to cross a street when an automobile is approaching. If that were so, he never could attempt to cross a street upon which automobiles are being operated, and consequently, where there is almost always an approaching machine. He has a right to expect that those operating automobiles upon a public street will operate them in the manner and at the speed customary at the particular place. Whether such a person is guilty of contributory negligence in attempting to cross a street in front of an approach-

ing automobile would depend upon all the circumstances under which he acted."

 The allegations of the complaint, if true, also show liability of respondents on the theory that, even if appellant was negligent in attempting to cross the highway, Zalasky had the last clear chance to have avoided the accident.

We hold the complaint states facts sufficient to constitute a cause of action and that it was error to sustain the demurrer.

The judgment appealed from is reversed with direction to overrule the demurrer. Costs are awarded to appellant.

Holden, C. J., Budge and Givens, JJ., concur.

Ailshie, J., deeming himself to be disqualified, did not sit with the court at the hearing, nor participate in the decision.