375 P.2d 321

**Stella JACK and Richard Jack, Plaintiffs-Appellants,**

v.

**Gwen FILLMORE, Kenneth Fillmore, Lola Criddle and Rollan Montgomery, Defendants-Respondents.**

**No. 9162.**

Supreme Court of Idaho.

Oct. 17, 1962.

Petersen, Moss & Olsen, Idaho Falls, for appellants.

38

Holden, Holden, Kidwell & Williams, Idaho Falls, for respondents Gwen Fillmore and Kenneth Fillmore.

Merrill & Merrill, Pocatello, for respondents Lola Criddle and Rollan Montgomery.

KNUDSON, Justice.

At approximately 6:50 p. m. on December 22, 1961, appellant Stella Jack was struck and injured by an automobile driven by respondent Gwen Fillmore in a westerly direction on Anderson Street in the city of Idaho Falls, Idaho. Anderson Street is a paved public street, approximately 46 ft. in width, extending in an easterly and westerly direction. Appellants' home is on the south side of said street and a dairy is located on the north side of the street almost directly north of appellants' home. At the time of the accident Stella Jack, while carrying some wood, was attempting to cross the street from north to south between the dairy and her home at a place other than a cross walk.

At the time Mrs. Jack attempted to cross said street a Ford sedan automobile (hereinafter referred to as the Criddle car) owned by respondent Rollan Montgomery and driven with his permission by respondent Lola Criddle was parked on the north side of the street with its front end facing east. Respondent Lola Criddle who parked the car left the headlights turned on at all times after parking, including the time when the accident occurred

While Mrs. Jack was crossing said street, respondent Gwen Fillmore was driving her automobile in a westerly direction along Anderson Street. The Fillmore car struck Mrs. Jack at a point on said street approximately 10 ft. south of the north curb and 50 to 65 ft. west of the front end of the car which had been parked by Lola Criddle.

The allegations of negligence in the amended complaint are that respondent Lola Criddle was careless and negligent in so

parking the Ford sedan with its headlights turned on causing a severe glare and obstruction to the vision of respondent Gwen Fillmore, which caused her the inability to maintain a proper lookout for persons in the roadway; that respondent Gwen Fillmore was careless and negligent in proceeding ahead so blinded without diminishing her speed or sounding a warning with her horn; that the actions of each of said respondents amounted to reckless disregard or consequences, or gross, wanton and reckless negligence.

After the filing of the amended complaint each respondent filed a motion to dismiss and motion to strike. It was stipulated that the motions for summary judgment which had been previously filed by each of the respondents could be considered as directed against appellants' amended complaint. Prior to the hearing on said motions the deposition of Stella Jack had been taken and filed; also interrogatories submitted by appellants to respondent Gwen Fillmore and her answers thereto, together with the affidavit of Grover B. McMurdo, a police officer, had been filed.

The court granted the motions for summary judgment stating the reason for such action to be that "the Court being of the opinion that no material issue of fact has been shown to exist and that the plaintiffs have no claim and that defendants are entitled to judgment as a matter of law."

By their assignments of error, appellants challenge the granting of the motions for summary judgment contending that the court erred in finding that appellant Stella Jack was guilty of contributory negligence as a matter of law. Although the summary judgment entered does not set forth such a finding, it is stated in the memorandum decision of the district judge that "the Court is of the opinion that the plaintiff, Stella Jack, is guilty of contributory negligence as a matter of law." Since that is the only reason stated in the memorandum opinion for concluding that appellants would not be entitled to recover from either or any of respondents it must be assumed that such conclusion was the basis for the decision.

In the memorandum opinion the court referred specifically to the ordinance of the City of Idaho Falls and the Idaho statutes dealing with the matter of crossing streets at other than cross walks, also the decisions of this Court in the cases of Laidlaw v. Barker, 78 Idaho 67, 297 P.2d 287 and Rosevear v. Rees, 77 Idaho 270, 291 P.2d 856, as authorities supporting the conclusion that Mrs. Jack was not entitled to recover because she was guilty of contributory negligence as a matter of law.

We deem it necessary to examine the authorities referred to for the purpose of determining what support they provide for the conclusion reached in this case.

In the case at bar a copy of the Idaho Falls ordinance referred to (Ordinance

#896) was admitted in evidence pursuant to stipulation. Section VI of said ordinance provides that it shall be unlawful for any pedestrian to cross specified streets at any point other than within a cross walk. Anderson Street is not one of the specified streets. Said ordinance further provides:

"On every street, highway, avenue or drive in Idaho Falls, not designated in Section VI of this Ordinance, every pedestrian crossing a roadway at any point other than within a cross walk shall yield the right of way to all vehicles upon the roadway."

Applicable statutes of this state are as follows:

I.C. § 49–734:

"*Crossing at other than cross walks.* —(a) Every pedestrian crossing a roadway at any point other than within a marked cross walk or within an unmarked cross walk at an intersection shall yield the right of way to all vehicles upon the roadway."

I.C. § 49–735:

"*Drivers to exercise due care.*—Notwithstanding the foregoing provisions of this article, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

In Rosevear v. Rees, supra, it was admitted that the appellant was crossing the street in the middle of a block where no cross walk existed and in violation of the city ordinance involved which specifically prohibited the crossing of any street by a pedestrian except upon a cross walk. No summary judgment was involved. At the close of the evidence produced at the trial a motion by respondent for a directed verdict was granted. On appeal this Court concluded that since appellant was guilty of a direct violation of the ordinance his actions constituted negligence per se and affirmed the action of the trial court. Turner v. Purdum, 77 Idaho 130, 289 P.2d 608; Ineas v. Union Pac. R. Co., 72 Idaho 390, 241 P.2d 1178. The court also found that there was no evidence to invoke the doctrine of last clear chance.

In the instant case no comparable violation is involved since neither our statute nor the city ordinance specifically prohibits a pedestrian from crossing a roadway at any point other than within a cross walk.

In Laidlaw v. Barker, supra, the facts are substantially different from the facts in the instant case. The accident happened on a highway which had a posted speed limit of 60 miles per hour. The vehicle involved was traveling at a speed of about 55 miles per hour. The act of the pedes-

trian which created the peril occurred at practically the same time as the accident in that only six-tenths to seven-tenths of a second elapsed from the time the pedestrian's peril became apparent to the driver of the vehicle before the accident. Under such facts this Court held that the doctrine of the last clear chance was not applicable since the emergency was so sudden that there was no time to avoid the accident. No motion for summary judgment was involved.

In Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657, this Court had under consideration the action of a trial court in granting a motion for summary judgment, and the following are pertinent excerpts therefrom:

> "The trial court, when confronted by a motion for summary judgment, must determine if there are factual issues which should be resolved by the trier of facts. On such a motion it is not the function of the trial court to weigh the evidence or to determine those issues. Moreover, all doubts must be resolved against the party moving for a summary judgment.

> \* \* \* \* \* \*

> "A motion for summary judgment should be denied if the pleadings, admissions, depositions, and affidavits raise any question of credibility of witnesses or weight of the evidence.

> \* \* \* \* \* \*

> "A motion for summary judgment must be denied if the evidence is such that conflicting inferences could be drawn therefrom, or if reasonable men might reach different conclusions."

In Mabe v. State, 83 Idaho 222, 360 P.2d 799, the ruling of this Court is succinctly stated in the following quoted syllabus:

> "On appeal from grant of summary judgment dismissing action, fact allegations in amended complaint with exhibits, and affidavit opposing the motion, must be accepted as true."

I.R.C.P., Rule 56(c); 3 Barron & Holtzoff, Federal Practice & Procedure § 1242, page 198 (Wright Edition); Anderson v. Smith Frozen Foods of Idaho, Inc., 83 Idaho 494, 365 P.2d 965.

It is generally recognized that the evidence presented at the hearing upon a motion for summary judgment must be liberally construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences which might be reasonably drawn from the evidence. 3 Barron & Holtzoff, Federal Practice & Procedure, § 1235, page 139 (Wright Edition). Notwithstanding conflicts and inconsistencies in the testimony of plaintiff in her deposition the court should consider only the portions most favorable to plaintiff.

Warner v. Lieberman (D.C.Wis.) 154 F. Supp. 362.

Taking the portions of the record by way of depositions and affidavits most favorable to appellant, it appears that plaintiff looked both ways along the street before starting to cross it, but did not see any car. Respondent Gwen Fillmore was traveling east on Anderson Street when visibility was good and the lights of the Criddle car did not blind her. The front of the Criddle car was 65 ft. east from where the accident happened. Mrs. Fillmore did not see Mrs. Jack "until she hit her." As a result of being struck by the Fillmore car Mrs. Jack went "flying through the air" and was thrown a distance of 30 ft. Respondent Gwen Fillmore, in her answers to plaintiff's interrogatories, stated that shortly before and at the time of the accident she was traveling at "about 20 to 25 miles per hour." There is no showing in the record as to how far from the place of impact the automobile was brought to a stop, nor if there were any marks on the street surface disclosing the course of the automobile nor indicating when brakes were applied, if at all.

Would the evidence, if introduced at length, suggest the improbability of such testimony or that the car was traveling much faster? Might reasonable men reach different conclusions from the inferences which may be drawn from such evidence?

Appellants contend that the court erred in failing to find that the record before the court created an issue as to whether the doctrine of last clear chance was applicable to the respondents or any of them. This Court has repeatedly stated that:

"The last clear chance doctrine is authorized by the pleadings, where the complaint alleges negligence of the defendant and the answer denies it, and alleges that the accident was caused by the plaintiff's negligence." Graham v. Milsap, 77 Idaho 179, 290 P.2d 744.

See Hooker v. Schuler, 45 Idaho 83, 260 P. 1027; Evans v. Davidson, 58 Idaho 600, 77 P.2d 661; McKinley v. Wagner, 67 Idaho 104, 170 P.2d 796.

We are of the opinion that under the record now before us an issue is created as to whether the doctrine of last clear chance may be applicable.

The affidavit of the police officer shows that the accident occurred 13 ft. north of the center of the street and that the impact was 6 or 7 inches inward on the right front fender of the Fillmore car and that Mrs. Fillmore had a clearance space of 13 ft. in the eastbound traffic lane. The showing does not disclose that any attempt was made by the driver of the car to sound a warning or to avoid the accident either by turning or applying the brakes.

We are of the view the record discloses that a material issue of fact exists. Under the doctrine of last clear chance it was the duty of the driver, seeing Mrs. Jack's danger, or being so situated that she should have seen it, to do all in her power to avoid injuring Mrs. Jack. (Branson v. Northern Pacific Ry. Co., 55 Idaho 220, 41 P.2d 629.) At what distance should the driver of the car, under the circumstances then existing, have seen Mrs. Jack? Was the car being driven at a speed greater than was reasonable and prudent under the conditions, having regard to the actual and potention hazards then existing? Should respondent driver have turned her vehicle or applied her brakes or sounded her horn in time to avoid the accident, and did she act as a reasonable prudent person would have done under like circumstances? These were questions for the jury.

Although from the record a court or jury may conclude that there was negligence on the part of Mrs. Jack, it does not show a course of conduct on her part which would be considered so palpably opposed to the dictates of common prudence that it can be said without hesitation or doubt that no careful person would have been guilty of it, or that such conduct would constitute negligence per se.

It is our view that the facts as shown by the record are such that reasonable men might reach different conclusions therefrom. The question as to whether respondent driver had a last clear chance to avoid the accident should properly be submitted to the jury.

We therefore conclude that the trial court erred in granting the motion for summary judgment and said judgment is hereby reversed. The cause is remanded for further proceedings and trial consonant herewith. Costs to appellant.

SMITH, C. J., McQUADE and McFADDEN, JJ., and RASMUSSEN, D. J., concur.