375 P.2d 990

**Rex SUTTON, Plaintiff-Respondent,**

**v.**

**D. A. BROWN, Mrs. D. A. Brown, Brian Webb, Mrs. Brian Webb, Dale Peringer, Mrs. Dale Peringer, Melvin D. Brittain, Mrs. Melvin D. Brittain, Bert Bellis, Mrs. Bert Bellis, George T. Carr, Mrs. George T. Carr, Mark James, Mrs. Mark James, G. W. Selves, Mrs. G. W. Selves, George Hawkins, Mrs. George Hawkins, Park Gardner, Mrs. Park Gardner, Robert F. Goldsworthy, Mrs. Robert F. Goldsworthy, Jack Shaw and Mrs. Jack Shaw, Defendants-Appellants.**

**No. 9218.**

Supreme Court of Idaho.

Nov. 7, 1962.

. McNaughton & Sanderson, J. Ray Cox, Jr., Coeur d'Alene, for appellants.

J. Henry Felton, Lewiston, for respondent.

KNUDSON, Justice.

Respondent, Rex Sutton, commenced this action by complaint filed June 23, 1961, wherein he alleged that he purchased from the State of Idaho, during the 1940s, a water pipeline and diversion works on Cougar Creek, Bonner County, Idaho; that respondent's ownership of said pipeline and diversion works was contested in a case entitled "Rex Sutton, plaintiff vs. Les Tovey, J. E. Rosenberger, and Arthur Wilson, defendants" being case No. 7596, in the District Court, Bonner County, and it was therein decreed to be the property of respondent; that appellants have conspired together and have connected onto said pipeline belonging to respondent; that they have damaged respondent in the sum of $10,000.-00; that they refuse to disconnect from said pipeline and that respondent will be further damaged unless appellants are restrained from using respondent's pipeline and diversion works.

Appellants filed three motions (1) motion for more definite statements; (2) motion to drop all defendants but one or to specify alleged conspiring acts of each defendant; and (3) motion to strike (a) paragraph II of the complaint for the reason that it appears by the complaint that none of appellants was a party to suit No. 7596, and (b) the words "have conspired together" on the ground that they are mere conclusions of law and no acts of conspiracy are alleged.

Thereafter and prior to any consideration or disposition of the motions filed by appellants and prior to the filing of an answer by appellants, respondent filed motion for summary judgment. The trial court concluded that the pleadings, affidavits, records and files in the action did not show that there existed any issue of fact to be tried and granted said motion on June 4, 1962.

This appeal is from the judgment entered upon said motion.

The salient issue here presented requires that we determine if the trial court erred in so concluding.

■■ The affidavits filed herein in support of, and in opposition to, the motion for summary judgment were executed by attorneys of record of the respective parties. With no intent of questioning the competency of either such affiants to testify as to the matters set forth in their respective affidavits (as required under I.R.C.P., Rule 56(e)) we consider it prudent to call atten-

**108**

tion to the possibility of an attorney, under such circumstances, being called to testify whereby his right to conduct the trial of his client's case, after appearing as a witness, may be questioned. However, the affidavits here involved are entitled to equal dignity.

In respondent's complaint it is alleged that he acquired title to the pipeline and diversion works by purchase from the State of Idaho, and that his ownership thereto was contested and determined in case No. 7596 hereinbefore mentioned. The affidavit of J. H. Felton filed in support of the motion states that "the defendants therein [referring to case No. 7596] represented the supposed rights of the defendants in this suit." By the affidavit of J. Ray Cox, it is denied that any of the rights of appellants in the present action was involved in said case No. 7596, and it is stated in said affidavit that the appellants in this action had no notice of any such suit which would affect their rights.

It is convincing that the trial court was substantially influenced by the findings and decree entered in said case No. 7596. Its entire record has been furnished for our examination.

The original complaint in said case named "The State of Idaho" as the only defendant. Under the second amended complaint {upon which the case was tried) only three individuals, to-wit: Les Tovey, J. E. Rosenberger and Arthur Wilson, are named as defendants. There is no allegation that they, or either of them, are made parties in any official capacity or as representatives of any person, corporation, organization or body politic. There is nothing whatever in said second amended complaint, or in the defendants' answer to indicate that the three defendants therein named are made parties in any capacity other than as individuals. In the findings of fact and conclusions of law or decree in said action there is no mention of or reference to the appellants in the instant case to indicate that they were in any respect involved in that action.

From a careful examination of the record in case No. 7596 we are unable to find, nor is our attention called to, any support for a conclusion that the defendants in that case were authorized in any respect to represent the appellants named in this action as to their claimed rights to the pipeline, diversion works or water rights there or here involved. Nor is there any showing that the defendants in case No. 7596 undertook to or did in any respect represent these defendants.

■ Notwithstanding the issue of fact created by said contradictory statements contained in the affidavits as to representation of parties, the court in the instant case found that "the defendants therein [case No. 7596] represented the supposed rights

of the defendants in this suit." Such action of the court was not authorized. From such finding it must be assumed the court concluded that the defendants in this action had been represented in case No. 7596 and their rights to the subject of this lawsuit had there been adjudicated.

■ We do not agree with a contention that the judgment in case No. 7596 has any "res judicata or collateral estoppel effect" between the parties to the present action. In 6 Moore's Federal Practice, Second Edition, 2257–2258, the general rule applicable is stated as follows:

"Under general basic principles that control the grant or denial of summary judgment, a motion for summary judgment on the basis of a prior judgment should be denied if the prior judgment has no res judicata or collateral estoppel effect between the parties to the present action; or if there is a genuine issue of material fact as to the validity of the prior judgment, its scope and coverage, privity, or whether it was on the merits so that it is controlling in the case at bar."

■ On motion for summary judgment the court is authorized to determine whether there is an issue to be tried, but not to try the issue. Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209; Ramsouer v. Midland Valley R. Co., D.C., 44 F.Supp. 523; Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657.

■■ Fact allegations contained in an affidavit opposing a motion for summary judgment must be accepted as true. The affidavits and evidence presented must be liberally construed in favor of the party opposing the motion and he is given the benefit of all favorable inferences which might reasonably be drawn from the evidence. Mabe v. State, 83 Idaho 222, 360 P.2d 799; Carr v. City of Anchorage, 17 Alaska 116, 243 F.2d 482; 3 Barron & Holtzoff, Federal Practice & Procedure, 138, § 1235.

■ Considering the affidavits and record in accordance with said rules we find that a number of other issues of fact exist in this case, some of which are: (1) In Mr. Felton's affidavit it is asserted in substance that the defendants are leaseholders and as such they cannot acquire water rights in connection with their leases. This assertion is denied by the affidavit of Mr. Cox; (2) The supporting affidavit asserts that the water rights of the defendant lessees, are subject to the will of the State Land Commissioner; that defendants' established connections to the pipeline here involved were made by consent of the State Land Commissioner and such right is revocable at any time. The opposing affidavit denies such contention; (3) It is contended in Mr. Felton's affidavit that copies of

**110**

defendants' leases have been admitted in evidence in this case. Mr. Cox denies that such leases have ever been admitted or have even been offered in evidence in this case; (4) In contradiction to the contention of respondent that defendants have no rights to the pipeline and water involved, the opposing affidavit states:

"that many of the defendants named in the present lawsuit had been using water for a long time prior to the time that the plaintiff herein ever saw the land in question, and that many of these defendants had connected to said pipe before Rex Sutton ever began to use it; that any rights that said Rex Sutton might have acquired in said line would, under law, be subsequent to those rights which were prior to his;"

In this regard it is further stated in said affidavit:

"Further answering said Affidavit this affiant states that the use of said water by all of the parties has been open and notorious at all times since the beginning of their use, and the only thing which gave rise to a formal claim was the demand by said Rex Sutton to remove their pipes from said pipeline."

In referenec to the finding by the court in case No. 7596, the affiant states:

"The Finding that he had exclusive right to the use of the diversion structure and pipes which he had used since the early 1940s, cannot defeat the rights of the defendants herein, who had been using water from said pipes for some time prior to the claim of Sutton, * * *"

Just what, if any, disposition was intended to be made of respondent's claim of conspiracy or for damages does not appear from the record. The only mention made in the findings of fact regarding said claim is that:

"No proof has been made upon any conspiracy or upon any damage alleged to have been sustained by the plaintiff."

No mention is made of either such claim in the conclusions of law and the decree. If respondent voluntarily waived or dismissed as to the allegations of the complaint regarding a conspiracy and damages, the record should be amended to show such action.

■ With one exception appellants' assignments of error challenge certain findings and the decree entered by the trial court, all of which have been hereinbefore considered. Under the remaining assignment it is contended that the court erred in assuming jurisdiction to adjudicate a claim of title to state lands in the case of Sutton v. Tovey, et al. (case No. 7596). We shall not consider said assignment for the reason that any issue as to the validity

of the proceedings and judgment in that case is not before us.

We conclude that the trial court erred in holding that the record shows there is no issue as to any material fact.

The judgment is reversed and the cause remanded for further proceedings consonant with the views herein expressed. Costs to appellants.

SMITH, C. J., and TAYLOR, McQUADE and McFADDEN, JJ., concur.