384 P.2d 675

Paul J. ANDERTON and Thelma F. Anderton, husband and wife, Plaintiffs-Appellants,

v.

Edith P. WADDELL and Emma B. Ginther, Defendants-Respondents.

No. 9210.

Supreme Court of Idaho.

Aug. 12, 1963.

May & May, Twin Falls, for appellants.

Kramer & Walker, Twin Falls, for respondents.

SMITH, Justice.

· Appellants (plaintiffs), as assignees of vendors under a written contract for the sale and purchase of an interest in real property, seek recovery from respondents (defendants) of amounts allegedly due their assignors under the contract. The trial court resolved the case against appellants by granting respondents' motion for summary judgment and entry of a judgment of dismissal. This appeal resulted. We set forth the facts in some detail since they are somewhat involved.

Leon N. Byington and wife, owners of farm property situate in Gooding County, Idaho, entered into a written sale and purchase contract covering their property, with Donald W. Edwards and wife. Subsequently, Edwards and wife assigned their interests and equity under the contract to Richard G. Messersmith and wife, hereinafter referred to as the Messersmiths.

February 10, 1960, the Messersmiths entered into a written contract with respondents for the sale and purchase of the property, which contract is herein sometimes referred to as the Messersmith-Waddell contract. Under that contract respondents made a down payment of $3500 to the Messersmiths, and agreed to pay the Messersmiths a balance of $7,010.79, and to pay Leon N. Byington and wife, a balance of $17,989.21. The contract provided certain remedies to accrue to the sellers should buyers default, viz.:

Sellers could declare all sums payable under the contract to be due and institute action for recovery therefor.

Sellers could declare the contract forfeited, the property covered by the contract then to revert to sellers, in which event "all monies heretofore paid to the SELLERS under this Contract * * * shall be * * * retained by and belong to the SELLERS as liquidated damages for the BUYERS' failure to perform this Contract."

On August 29, 1960, the Messersmiths assigned all their interest then existing and

to accrue, in the Messersmith-Waddell contract and in the property which it involved, to appellants. The assignment recited the sum of $7,010.79 payable to the Messersmiths by respondents by the terms of the assigned contract.

Subsequently, after respondents had occupied the farm property covered by the assigned Messersmith-Waddell contract, for a total period of nine months, they moved from the property after having notified appellants that they, respondents, were unable to make the payments required by the contract. The property thereupon reverted to appellants and their assignors.

February 15, 1961, appellants brought this action seeking recovery from respondents of $7,010.79 allegedly owed by respondents to appellants as assignees under the Messersmith-Waddell contract. In their complaint appellants recited the Messersmiths' assignment of such contract to appellants; that respondents had defaulted in the terms of the Byington-Edwards contract and that upon 30-days notice of its forfeiture the deed and other instruments had been removed from the escrow holder; and that such default also constituted a default under the Messersmith-Waddell contract. Appellants then alleged that under the assigned Messersmith-Waddell contract, respondents owed to appellants the sum of $7,010.79 formerly owed to the Messersmiths; that appellants had elected the option under the Messersmith-Waddell contract "to declare all sums payable under said contract of sale to be due and payable," and prayed for judgment of $7,010.79 and attorneys fees.

Respondents in their answer admitted the Messersmith-Waddell contract but denied the remainder of the material allegations of the complaint. They affirmatively alleged their payment of $3500 to the Messersmiths under the Messersmith-Waddell contract; that they had remained in possession of the property covered by the contract for nine months only; that they were unable to make the payments required by the contract and notified appellants thereof; that because of their default respondents "were required to remove themselves from the premises which they did;" that to require payments by them of any sum, in addition to the $3500 by them paid, would be unconscionable and constitute a penalty. Affidavits filed by the parties do not touch the issue involved on this appeal, other than an affidavit by Leon N. Byington, in which he stated that he repossessed the premises on December 20, 1960.

The district court, after a hearing, granted respondents' motion for summary judgment and entered judgment dismissing the action. This appeal is from the judgment.

The only question presented by appellants' assignments of error is whether the "pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. Rule 56(c).

■ The trial court when confronted by a motion for summary judgment must determine if there are factual issues which must be resolved by the trier of facts. Sutton v. Brown, 85 Idaho 104, 375 P.2d 990; Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657.

Under the Messersmith-Waddell contract respondents and the Messersmiths, appellants' assignors, agreed that if respondents breached the contract, it could be forfeited, in which event "all monies heretofore paid to the SELLERS * * * shall be retained by and belong to the SELLERS as liquidated damages * * *." Appellants allege that respondents' breach of the original Byington-Edwards contract, by failure to make payment to the original seller, as provided by that contract, constituted a breach under the Messersmith-Waddell contract; that by reason of such breach Byington had forfeited the original contract and obtained the original deed and all other papers from the escrow holder pertaining to the original transaction; and Byington in his affidavit stated that he repossessed the property December 20, 1960. Thus, at a time prior to the bringing of the present action on February 15, 1961, the Byingtons, original vendors, had pursued the remedy of forfeiture of the original contract and had repossessed the premises; and respondents submitted to those remedies which were so asserted, and sought no redress by repayment of any part of the $3500 which they paid to Messersmiths.

■ Appellants as assignees stand in no better position than their assignors, the Messersmiths, under the Messersmith-Waddell contract or the Edwards under the original Byington-Edwards contract. The assignee of a contract is subject to the defenses which could be urged against his assignor. Brumback v. Oldham, 1 Idaho 709; Childs v. Neitzel, 26 Idaho 116, 141 P. 77; Blaine County Nat. Bank v. Timmerman, 42 Idaho 338, 245 P. 389; Sarkeys v. Marlow, 205 Okl. 15, 235 P.2d 676; Adler v. Thomas Distributing Company, 148 Cal.App.2d 584, 307 P.2d 14. The same rule applies to remote or successive assignees. See 6 C.J.S. Assignments, § 119.

■ Here respondents complied with the terms of the contract providing for liquidated damages upon forfeiture of the contract under which they held possession, and appellants' pleading concedes such forfeiture. Respondents quit the premises and relinquished all claim thereto and to the $3500 down payment retained by the Messersmiths, appellants' assignors. Appellants by permitting forfeiture of the Byington contract thereby allowed termination of

whatever rights they may have had under the Messersmith-Waddell contract; they ceased to have the legal capacity to perform under the Messersmith-Waddell contract and hence could not enforce that contract against respondents.

There being no genuine issue as to any material fact, the judgment of the district court is affirmed.

Costs to respondents.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.