404 P.2d 604

**Lavern DESHAZER, Plaintiff-Appellant,**

v.

**Rusty TOMPKINS and Homer Rhett, doing business as T & R Lazy G Ranch, Defendants-Respondents.**

**No. 9453.**

Supreme Court of Idaho.

Aug. 2, 1965.

350

John Gatchel, Payette, William B. Taylor, Jr., Grangeville, for appellant.

Clements & Clements, Lewiston, for respondents.

SMITH, Justice.

This is an appeal from a summary judgment dismissing a tort action directed

against respondents. Appellant brought the action seeking recovery of damages for injuries to his right forearm sustained· May 3, 1962, while engaged as an irrigator in respondents' agricultural employment. The trial court granted respondents' motion for summary judgment on the ground that the pleadings and the deposition of appellant, Lavern Deshazer show no genuine issue as to any material fact. I.R.C.P. 56(c). Appellant has appealed from the resulting judgment of dismissal.

Appellant was injured when his forearm was caught in the machinery of a self-propelled sprinkling system which he was operating as respondents' employee. Appellant grounded the action upon respondents' negligence, alleged in the complaint as follows:

"That said automatic sprinkler system * * * did not have a guard on the chain and sprocket * * *."

"That shortly prior to the third day of May, 1962, the plaintiff had advised the defendants through Homer Rhett, that the unit would have to have weights on it when the plaintiff would set the same alone on the upper hill; or that plaintiff would have to have additional help when setting said machinery; and requested of the defendant that it be repaired, weighted and made safe; that the defendant then and there promised to weight said machine, and that the plaintiff relying on said promise re-

mained in the defendants' employment and continued to operate said machine; that the defendant negligently failed to weight said machine and in consequence of such failure and negligence by the defendant, and while the plaintiff was still performing his duties in reliance upon said promise and without fault on his part, was caught in the chain and sprocket and received serious injuries."

Respondents in their answer admitted the employment; that the powered sprinkling system did not have a guard on the chain and sprocket, and that for a reasonably safe operation the sprinkler was required to be weighted; but denied the extent of appellant's injuries and damage.

Respondents denied negligence on their part, and affirmatively pleaded the defenses of contributory negligence and assumption of risk. They alleged that the drive wheel on the sprinkler was equipped to carry weights so as to insure additional traction on up and down-grade operations; that appellant was familiar with the grades and surface conditions of respondents' fields and had operated the sprinkling system upon the premises during a portion of the previous year; that prior to May 3, 1962, appellant had been furnished with proper weights for the drive wheel of the sprinkler and had been instructed and warned by respondents against operating the sprinkler

on either up or down-grade without weights; that appellant failed to follow the instructions, and knowingly and negligently operated the sprinkler without properly engaging the driving mechanism and attaching the weights in disregard of previous warning and instructions; that by reason thereof the drive wheel catapulted and appellant negligently attempted to restrain it by grabbing onto moving parts thereof, and in so doing caught his arm in the moving parts, causing the injuries; that appellant was well acquainted with all the risks and dangers incidental to the power sprinkler and such employment which he assumed, and that he voluntarily exposed himself to, and took and ran the risk of a known and appreciated danger, in negligently disregarding previous warning and instructions.

Appellant assigns as error the trial court's entry of the summary judgment contending that genuine issues of material fact exist which must be submitted to and resolved by the trier of facts.

The issue on appeal is whether there is any genuine issue as to any material fact presented by the pleadings and appellant's deposition, upon which respondents based their motion for summary judgment. I.R. C.P. 56(c). This issue must be considered from the standpoint whether the servant notified the master of special risk incident to the employment and objected to continu-ing the work under the existing conditions and whether the servant was induced to continue in the employment by a promise of the master to remove the danger.

The trial court when confronted by a motion for summary judgment must determine if there are factual issues which should be resolved by the trier of facts. I.R.C.P. 56(c); Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657 (1960); Allen v. Moyle, 84 Idaho 18, 367 P.2d 579 (1961); Sutton v. Brown, 85 Idaho 104, 375 P.2d 990 (1962); Jones v. State, 85 Idaho 135, 376 P.2d 361 (1962); Fairchild v. Wiggins, 85 Idaho 402, 380 P.2d 6 (1963); Anderton v. Waddell, 86 Idaho 220, 384 P.2d 675 (1963).

A motion for summary judgment must be denied if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might reach different conclusions. Merrill v. Duffy Reed Construction Co., supra; Anderson v. Smith Frozen Foods of Idaho, 83 Idaho 494, 365 P.2d 965 (1961); Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962); Sutton v. Brown, supra; Layrite Products Co. v. Lux, 86 Idaho 477, 388 P.2d 105 (1964).

By a motion for summary judgment the court is authorized to determine whether there is an issue to be tried, but not to try the issue. Merrill v. Duffy Reed

**354**

Construction Co., supra; Sutton v. Brown, supra; Anderton v. Waddell, supra.

◼ All doubts and all favorable inferences which may be reasonably drawn from the evidence will be resolved against the party moving for summary judgment. Merrill v. Duffy Reed Construction Co., supra; Sutton v. Brown, supra; In re Kilgore's Estate, 84 Idaho 226, 370 P.2d 512 (1962); Jack v. Fillmore, supra.

◼ If there are conflicts and inconsistencies in the deposition of the opposing party, the court should consider only the portions most favorable to such party. Jack v. Fillmore, supra.

The record in support of respondents' motion for summary judgment is appellant's deposition taken by respondents. Appellant states he had never handled the kind of sprinklers involved herein until he began working for respondents. He partially described such a sprinkler as "composed of a pipe line running through the center of two wheels, while a third wheel, back of the first two, connecting with the apparatus by a connecting bar, is driven by a small gasoline motor, utilizing a chain and sprocket. The motor is mounted on a brace above the connecting bar; each time the direction of the pipe line is changed the position of the drive wheel and motor is changed."

Appellant testified that during September and October, 1961, he worked as an irriga-tor for respondents, at which time respondent Rhett stated that weights were needed on the driving mechanisms of the sprinklers; but in lieu of weights he furnished a man, i. e., additional help, to appellant and the two of them moved the sprinklers during the fall of 1961; that respondents never instructed appellant not to operate the sprinklers either going up or down a slope, without weights, or sand buckets as weights; that Rhett told appellant that weights should be used and that a machine had "got away from them" when used without weights; that during the fall of 1961 appellant maneuvered the sprinklers during two sprinkling operations without weights but always with the help of another man. Appellant's testimony then appears:

"Q. Now you state here [in the complaint] that the defendant Homer Rhett then and there promised to weight said mechanism, and that the plaintiff relying on said promise, remained in defendants' employment. Now when did Homer Rhett promise to make—to weight these machines?

"A. Well, ever since the first time I went to work there. * * * he told me that we had to have weights on them and that he * * * would get them made."

* * * * * *

"He said we would * * * right up our weights and have them ready for the spring operation."

Appellant stated that two days prior to the accident on May 3, 1962, although he had moved the sprinklers without weights or help, he did notify respondent Rhett of the need of either the weights, or additional help, in order to move the sprinklers; that Rhett replied, "We will get some [weights]." Appellant recalled that two buckets were filled with cement the evening of May 2nd, to serve as weights, although eight weights were needed to serve the four sprinklers. Appellant further testified that respondents did not instruct him that if the concrete weights weren't dry, to fill buckets with sand to use as weights. Moreover the deposition does not show that buckets were available, except perhaps one located in a field. Appellant testified that on May 3rd he was working alone moving a sprinkler down a slope, without the stabilizing weight on the line; that on the mechanism was a hook for use in suspending the weights; that he was holding onto this hook with his right hand and operating the brakes on the motor with his left hand when the motor slipped off the mount; that he automatically attempted to grab the motor as it slipped and as the drive wheel raised from the ground he reached to grab the wheel to "keep the line from getting all twisted up" and thereupon caught his right

arm in the drive wheel mechanism "on the chain side of the drive." Appellant then testified that respondent had never instructed or warned him not to operate a power sprinkler on the chain side of the drive.

■ As regards the issues of negligence interposed by appellant, and contributory negligence interposed by respondent, those issues ordinarily present questions of fact to be resolved by the jury. It is only when the facts are undisputed and where but one reasonable conclusion can be drawn therefrom that such negligence becomes a question of law. Carr v. Wallace Laundry Co., 31 Idaho 266, 170 P. 107 (1918); Adkins v. Zalasky, 59 Idaho 292, 81 P.2d 1090 (1938); Owens v. Taylor, 62 Idaho 408, 114 P.2d 258 (1941); Yellowstone Pipe Line Co. v. Kuczynski (9th Cir. 1960), 283 F.2d 415; Hooton v. City of Burley, 70 Idaho 369, 219 P.2d 651 (1950); Hubble v. Record, 80 Idaho 403, 331 P.2d 270 (1958); Williams v. Collett, 80 Idaho 462, 332 P.2d 1032 (1958); Foster v. Thomas, 85 Idaho 565, 382 P.2d 792 (1963).

■ The evidence submitted in support of respondents' motion for summary judgment is such that the minds of reasonable men might come to different conclusions on the issue of alleged negligence of respondent in failing to equip the sprinklers with the weights, or furnish respondent with

additional help, and to furnish an adequate guard for the chain drive mechanism of the power sprinkler, under the circumstances shown; also on the issue of alleged contributory negligence of appellant in operating the sprinkler without the weights and without a guard for the chain drive mechanism, under said circumstances. In the light of the record these issues presented genuine issues of fact to be resolved by a trier of the facts and forbade disposition of the cause by summary judgment.

■ We shall next consider the assumption of risk. The question of assumption of risk is generally one of fact to be resolved by the jury, and becomes one of law only when the evidence is susceptible of no other interpretation than that the injured party assumed the risk. Williams v. Collett, 80 Idaho 462, 332 P.2d 1032 (1958); Bressan v. Herrick, 35 Idaho 217, 205 P. 555 (1922); Maw v. Coast Lumber Co., 19 Idaho 396, 114 P. 9 (1911).

■ As a general rule the master is required to furnish the servant with a reasonably safe place in which to work, and reasonably safe tools and appliances with which to work. Williams v. Collett, supra; Annot., 67 A.L.R.2d 1120; Annot. 49 A.L.R. 2d 317.

■ In order that the servant be held to have assumed a risk arising out of his employer's negligence it must be shown that the servant knew the facts and appreciated the danger. Williams v. Collett, supra. When the servant has full knowledge of a special risk under which he is working, he is deemed to have assumed the risk incidental to the employment, subject however to the exception, that when a servant notifies the master of the risk and objects thereto, and is induced to continue the employment by the master's promise to remove the danger within a reasonable time, the servant does not assume the risk during such time. Coulston v. Dover Lumber Co., 28 Idaho 390, 154 P. 636 (1916); Harvey v. Palmer, 179 Kan. 472, 296 P.2d 1053 (1956); Rudco Oil & Gas Co. v. Lofland (1943), 192 Okl. 256, 135 P.2d 494; Focht v. Johnson, 51 Wash.2d 47, 315 P.2d 633 (1957); 35 Am.Jur., Master and Servant § 315; 56 C.J.S. Master and Servant § 391.

In order that the servant be exempted from operation of the doctrine of assumed risk of a defect complained of and which he was no longer willing to assume, it is essential that his remaining in the employment is induced by the master's promise to remedy the defect. Coulston v. Dover Lumber Co., supra; City of Altus v. Martin (Okl.1954), 268 P.2d 228; Focht v. Johnson, 51 Wash.2d 47, 315 P.2d 633 (1957); 35 Am.Jur., Master and Servant § 318; 56 C.J.S. Master and Servant § 396e; Anno. 61 A.L.R. 901.

"It is for the jury to determine from the evidence whether there was a promise by the employer to repair, and what influence a promise had in inducing the employee to continue at work." 35 Am.Jur., Master and Servant § 317.

What is a reasonable time between the time of the promise and the injury will depend upon the facts and circumstances of the particular case, "this issue in this respect usually being one for the jury's determination." 35 Am.Jur., Master and Servant, § 318; See also Buehner v. Creamery Package Mfg. Co., 124 Iowa 445, 100 N.W. 345 (1904).

 Appellant alleged the hazard, that the sprinkler did not have a guard on the chain and sprocket of the power mechanism. Such alleged hazard was not touched upon in appellant's deposition other than to suggest that respondents may have warned appellant not to operate the power mechanism from the side where it was located, which appellant denied. Whether he appreciated the danger from the unguarded chain and sprocket or that he subjected himself to danger in working on the side of the sprinkler where such driving mechanism was located, and whether he had been warned by the master not to work on that side of the sprinkler, were questions for the jury.

Appellant's deposition shows the presence of a hazard in the manipulation of a power sprinkler without weights; also, that appellant had knowledge of the defect of lack of weights, and that he appreciated the fact of danger in operating a sprinkler without the weights, or additional help; that appellant did request respondents to furnish weights for the sprinklers or to furnish additional help thereby to make the work safer, and respondent promised to furnish the weights; but they had not become available in the short time intervening from the evening of May 2, 1962, when two or more were constructed by pouring concrete into buckets, until the accident happened the following day of May 3rd.

 Whether appellant objected to continuing the work without the weights was not developed by respondents because appellant was not asked such a question in his deposition; nor was he asked whether he continued to work in reliance upon respondents' promise to furnish the weights. Those aspects however are included within the purview of appellant's pleadings contained in his complaint. Again, those are questions which present factual issues to be resolved by the jury.

 Considerable time elapsed between the fall of 1961, when according to the deposition, respondents promised to furnish weights for the sprinklers, to the time of resumption of sprinkler irrigation in the spring of 1962. The deposition shows however that sometime prior to May 3, 1962, respondents renewed their promise to

furnish weights, or to furnish additional help, and that during the evening of May 2, 1962, they were trying, at least in part, to fulfill the promise of furnishing weights. There still remains the factual question for determination by the jury, whether the time element was reasonable under the circumstances, i. e., between the time of the promise, or the renewed promise, and the injury.

Appellant suggests that there remained the issue of the "simple tool" doctrine for resolution by the jury, i. e., whether the machinery causative of the injury, was a "simple tool," which doctrine is frequently recognized as an exception to the "promise to repair" theory. 35 Am.Jur., Master and Servant § 319. The pleadings show that such issue is not presently involved.

Lastly, in 35 Am.Jur., Master and Servant, § 319, it is pointed out that a risk may be "so obvious, immediate and constant that a reasonably prudent person would not have incurred it." Such an issue as applied to appellant, and the risk to which he was subjected under the circumstances shown, would require determination by the jury.

We conclude that there are genuine issues of material facts which preclude a summary judgment as a matter of law.

The judgment is reversed and the cause remanded with instructions to reinstate appellant's action. Costs to appellant.

McQUADE, C. J., and McFADDEN, TAYLOR and KNUDSON, JJ., concur.