502 P.2d 619

**George KEITH, Plaintiff-Appellant,**

v.

**PLEASANT VALLEY GRAZING ASSOCIA-TION, Defendant-Respondent.**

No. 11028.

Supreme Court of Idaho.

Nov. 7, 1972.

Theodore V. Behm, Buhl, for appellant.

Parry, Robertson, Daly & Larson, Twin Falls, for appellee.

McQUADE, Chief Justice.

Sometime in the first part of April, 1969, the plaintiff, George Keith, was employed by the defendant, Pleasant Valley Grazing Association, to take care of the Association's cattle. On May 13, 1969, Keith was injured when the horse he was riding stumbled and fell while Keith was attempting, by himself, to move some of the Association's cattle to a new watering spot.

On April 27, 1971, Keith filed a complaint against the Grazing Association seeking damages for his personal injuries. The complaint alleged an express oral agreement that the Association would provide Keith adequate help in the movement of cattle herds. The complaint went on to allege that the Association was negligent in its failure to provide additional help in moving the cattle. This failure allegedly made it necessary for Keith to use the horse furnished by the Association beyond its endurance in order to protect the cattle from what Keith claims was an "emergency situation" due to the lack of water for the cattle.

A pre-trial conference was held on September 24, 1971, and a pre-trial conference order issued on September 29, 1971. That order included stipulated facts, claims of the plaintiff, claims of the defendant and the issues to be resolved. The court also "overruled" the defendant's first defense that the complaint failed to state a claim for which relief could be granted, although the court noted that the plaintiff's theory was, "at best, quite tenuous." The court also "overruled" defendant's alternative defenses that contributory negligence and assumption of the risk were established, by the pleadings, as a matter of law.

On September 30, 1971, the deposition of Keith was taken by the Association's attorney. Regarding the alleged oral

agreement made with the Association, Keith stated that:

"* * * And Bob Ring [then the secretary-treasurer of the Association] hired me [in April, 1969] to take care of sick calves, any everyday troubles that we had, watch the water tanks and check the cows and calves every day.

"Q. Okay.

"A. And when it come to working the cattle, that there would be plenty of help there.

* * * * * *

"Q. Now, is that the only conversation you had about help being available in case you were working the cattle?

"A. He told me I could notify Floyd Kaufman [then the president of the Association], if it was more convenient for me, if anything was going on that I thought they should know."

It was further disclosed that the pasture land used by the Association was under the control of the Federal Bureau of Land Management. An employee of the B. L. M. informed Keith that, as of May 12, 1969, the water supply would be shut off making it necessary for the cattle to be moved. On May 8, 1969, Keith alleges that he informed Floyd Kaufman (presumably according to the oral agreement) of this fact. However, Keith did not request help from Kaufman or anyone else in moving the cattle. Keith's stated reason for not specifically asking for help was that the president of the Association, Kaufman, knew the cattle had to be moved two and one-half miles to another watering place, Keith presumed those responsible were "stockmen enough" to know that it would be "much easier, much better for the stock and everything concerned to have help there."

On the day the water was to be shut off, May 12, 1969, Keith went to the grazing area to move the cattle. Although no help arrived Keith alone began the task of moving the approximately 800 head of cattle. He moved approximately 700 head that day, expecting help to arrive. The next day, Keith returned to finish the job of moving approximately 100 head, still expecting help, but not specifically requesting such. An "emergency situation" allegedly existed because the remaining cattle had been without water since the previous day and were "skinning themselves up" on the dry water tank. Keith claimed these cattle were also in danger of losing weight, contracting dust pneumonia and crippling themselves. Keith figured that under the circumstances it would be better to move the cattle as best he could, rather than leave them and seek help.

The deposition of Keith states that as a result of this effort, Keith and his horse were "worked into the ground" and the injury occurred sometime between twelve and one o'clock p. m., on May 13, 1969.

On October 5, 1971, the Association moved for summary judgment based on the deposition of Keith, *supra*, and upon the files and records in the action. This motion was accompanied by a supporting memorandum (versus a supporting affidavit, I.R.C.P. 56[e]). Keith had on file a pre-trial memorandum stating the law and facts he intended to prove.

The motion for summary judgment was granted on the ground that there was no genuine issue as to any material fact, and that the defendant was entitled to judgment as a matter of law. Judgment was then duly entered for the defendant.

Keith has appealed to this Court assigning error to the granting of summary judgment in favor of the defendant. The question on appeal is whether the Association was entitled to judgment as a matter of law based on the deposition and the other materials on file. Keith's counsel argues in his brief on appeal that the court stated from the bench that the judgment was granted because the deposition established contributory negligence or assumption of the risk as a matter of law.

In his pre-trial memorandum, Keith states he intended to prove that:

"As a result of the defendant's negligent omission to provide a reasonably

safe place to work and reasonably safe and adequate manpower and equipment to perform the job at hand, plaintiff suffered the injury complained of * * "

Keith then listed the specific facts he intended to establish. Among those facts were the alleged emergency situation caused by lack of water, and the alleged oral contract assuring additional help in the event the cattle were moved.

This Court in Malone v. Continental Life and Accident Co.,[1] said:

"A summary judgment upon motion therefor shall be rendered 'if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" (Citations omitted).[2]

The facts in the case at bar are not in dispute. The plaintiff stated in his deposition that he did not request additional help to move the remaining cattle, even though he knew of the situation facing him, thus establishing his own contributory negligence as a matter of law. The trial court did not err in granting defendant's motion for summary judgment

Judgment affirmed. Costs to respondent.

McFADDEN, DONALDSON, and SHEPARD, JJ., concur.

BAKES, Justice (dissenting):

I cannot concur with the majority in affirming the summary judgment granted below. There are disputed facts in the case which, in my opinion, prohibited the granting of summary judgment.

The plaintiff in his complaint alleged the existence of an oral contract between himself and the defendant employer which provided in part that if he had to move the defendant's cattle additional help would be provided. The plaintiff claims he informed his supervisor in advance that the cattle would have to be moved. However, the majority of this court base their decision upon the fact that the plaintiff did not specifically request additional help to move the cattle, even though he knew of the necessity to move them, thus allegedly establishing his own contributory negligence. However, it seems to me that this ignores the agreement between the parties, at least as the plaintiff alleges it to be. According to plaintiff's deposition, the agreement was not that if he asked for help they would provide it, but that if he had to move the cattle the defendant would provide help. Thus a jury would be justified in finding that the plaintiff did not have to request help, but merely to notify the defendant that the cattle had to be moved, which he alleges that he did. Under the agreement, as plaintiff alleges it, the request for help was implicit in the notice of the necessity to move the cattle which plaintiff gave the defendant. At least, a jury would be justified in drawing that inference or conclusion from the testimony as shown by plaintiff's deposition. Under that state of facts, I cannot agree with the majority's conclusion that failure to specifically request help, even though notice of the requirement to move the cattle was actually given, constitutes contributory negligence as a matter of law.

Plaintiff's theory of recovery is substantially the same as that presented in Deshazer v. Tompkins, 89 Idaho 347, 404 P.2d 604 (1965) where this court held that the evidence raised factual questions as to whether the employer had been negligent in failing, among other things, to provide the employee with additional help. In *Deshazer* this court reversed summary judgment in favor of the employer and said:

"A motion for summary judgment must be denied if the evidence is such that conflicting inferences can be drawn therefrom and if reasonable men might reach different conclusions. (Citing cases)." 89 Idaho 347, at 353, 404 P.2d 604, at 607.

---

1. 89 Idaho 77, 403 P.2d 225 (1965).

2. 89 Idaho 77, at 82, 403 P.2d 225, at 227. *See also* I.R.C.P. 56(c).

It is a rule of long standing in this court that all doubts and all favorable inferences which may be reasonably drawn from the evidence will be resolved against the party moving for summary judgment. Deshazer v. Tompkins, *supra*; Merrill v. Duffy Reed Construction Co., 82 Idaho 410, 353 P.2d 657 (1960); In Re Kilgore's Estate, 84 Idaho 226, 370 P.2d 512 (1962); Jack v. Fillmore, 85 Idaho 36, 375 P.2d 321 (1962); Sutton v. Brown, 85 Idaho 104, 375 P.2d 990 (1962). It is settled that the possibility that the party opposing summary judgment might not prevail at trial is insufficient to authorize a summary judgment against him. Collord v. Cooley, 92 Idaho 789, at 795, 451 P.2d 535 (1969).

Questions of negligence and contributory negligence ordinarily present questions of fact to be resolved by the jury. The court said in Deshazer, *supra*:

"It is only when the facts are undisputed and where but one reasonable conclusion can be drawn therefrom that such negligence becomes a question of law." 89 Idaho 347, at 355, 404 P.2d 604, at 608 and cases cited therein.

More recently this court, in Industrial Indem. Co. v. Columbia Basin Steel & Iron, Inc., 93 Idaho 719, 471 P.2d 574 (1970), said:

"Questions of negligence and contributory negligence are generally questions of fact to be resolved by the jury, and only when the facts are undisputed and where but one reasonable conclusion can be drawn therefrom does such negligence become a question of law. (Omitting citations.)" 93 Idaho 719, at 726, 471 P.2d 574, at 581

The case is not one where the facts are undisputed, but rather is one where more than one reasonable conclusion can be drawn from the facts. The summary judgment should be reversed and the cause remanded for trial.